## EMBREE et al., Appellants, v. PATRICK.

**Petition, when Demurrable:** STATUTE OF LIMITATIONS: TENANCY BY COURTESY. If it is impossible to determine from the allegations of the petition whether or not the plaintiff has a cause of action, a demurrer will lie.

Hence, where an action was brought to set aside a deed executed twenty-six years before, and the petition showed that plaintiff's mother, through whom she claimed title, was a minor at the date of execution of the deed, and married and died a minor, leaving plaintiff her only heir, but failed to show whether plaintiff's father survived her mother or not; *Held*, that if the father was still living he was tenant by courtesy, and plaintiff could not maintain her action. If he died before the mother, the action was barred by limitation. If he survived her, but was dead when the action was brought, it was not necessarily barred. For want of a proper allegation as to survivorship, therefore, the petition was demurrable.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

AFFIRMED.

*T. B. Kimbrough* for appellants.

*Martin & Priest* for respondents.

NAPTON, J.—This suit was brought in 1877. Its object was to have a deed declared void, as a cloud upon plaintiffs' title, made in 1851, twenty-six years before the commencement of the action. A demurrer was filed by defendants and sustained by the court. The plaintiff is a grand-child of one Kirkpatrick, who died in 1847, and whose administrator made the deed in question to his widow. The mother of the plaintiff was a minor at the date of the deed, and married during her minority and died during minority, leaving one child, who is the present plaintiff. Whether her husband, one Owens, survived her, is not stated. It is held in *Dyer v. Brannock*, 66 Mo. 422, that the tenancy by courtesy of the husband stopped the running of the statute of limitations, but in this petition

it is not said whether the husband of Virginia Kirkpatrick, the mother of the plaintiff, is alive yet, or dead. If he is still living, it is obvious that the plaintiffs have no right of action, and if he died before his wife, it is plain they have none, as the twenty-six years never interrupted, would be a bar. If he survived his wife, the action is not necessarily barred, unless he is still living. How the facts are is not stated in the petition. The plaintiffs may have a good cause of action, or they may not. It is certainly the business of a plaintiff to state facts sufficient to show a cause of action. In this case it is impossible to say whether she has a good cause of action or not. It does not appear that she has no cause of action, nor does it appear that she has. The judgment on the demurrer is, therefore, affirmed.