Sinsabaugh v. Dun.

**Harry B. Sinsabaugh, et al., v. Mary B. Dun, et al., Executors, etc.**

1. INJUNCTION—*when, lies to prevent trespass.* Where it appears that a trespass, if committed, will result in irreparable injury to the complainants, and that the injury which would ensue from such trespass would not be susceptible of compensation in damages, equity will interpose and grant relief by injunction.

2. LIMITED APPEARANCE — *effect of, with respect to jurisdiction.* Where parties appear in a justice court and limit their appearance to the question of the jurisdiction of that court and take no further part in the proceedings there, general jurisdiction of such parties is not conferred.

3. EXECUTORS AND ADMINISTRATORS—*liability of, for torts of agents.* Held, in this case, that the appellees were not in a position to invoke the rule that executors and administrators cannot be held liable for the torts of their agents or servants in a case where such question properly arose.

Proceeding to restrain collection of judgment. Appeal from the City Court of Mattoon; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed June 28, 1904.

ANDREWS & VAUSE, for appellants.

HOYNE, O'CONNOR & HOYNE, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On October 14, 1902, appellant Sinsabaugh brought suit before James L. Scott, a justice of the peace, against R. G. Dun & Company to recover $150 damages for the death of a horse belonging to said Sinsabaugh, immoderately and recklessly driven by one W. F. Hartough, a traveling solicitor for appellees, doing business as R. G. Dun & Company. A summons issued by said justice commanding any constable to summon R. G. Dun & Company, a corporation, was returned by appellant Cole, a constable, served by reading and delivering a true copy to W. F. Hartough, agent of R. G. Dun & Company. On October 20, 1902, appellees appeared before said justice of the peace, by attorney,

limiting their appearance to the filing of a motion and plea supported by affidavit, setting up that the defendant was not a corporation; that one R. G. Dun in his lifetime was the sole owner, and conducted the business by the name and style of R. G. Dun & Co.; that said R. G. Dun departed this life testate in the city of New York; that in and by his last will he appointed appellees trustees, to conduct and continue the business conducted by him under the name and style of R. G. Dun & Co.; that said appellees, as trustees, are not named in said writ, wherefore praying that said writ and the return of service thereon be quashed. The justice of the peace proceeded to hear the cause and rendered judgment against R. G. Dun & Company for $150 damages and costs of suit, taxed at $18.65. Appellees did not appeal from this judgment. On November 29, 1902, by virtue of an execution issued by said justice on said judgment, appellant Cole, as constable, levied upon a reference book, No. 2269, in the possession of one Robert T. Holmes, as the property of said R. G. Dun & Co., and subsequently sold the same to appellant, and also levied on another reference book in the possession of the Mattoon Elevator Company.

Appellees filed their original bill and amendment thereto and also their supplemental bill in equity to enjoin the collection of the said judgment and to declare the levies and sale upon the execution issued thereon, null and void as a lien on the said reference books. The bills alleged the facts heretofore stated, and also that appellants threatened to continue to levy other executions against R. G. Dun & Co., upon the property of appellees, and that appellant Sinsabaugh threatened to disclose the contents of said reference books to all persons paying a small sum therefor, less than the charges made by appellees for the reports and information furnished to their patrons and subscribers. The bills also allege in detail the character and purposes of said reference books and such further facts, which if true, warrant the conclusion that the acts done and threatened by appellants under and by virtue of the judgment and executions

thereon against R. G. Dun & Co., will result in irreparable injury to appellees.

The cause was submitted to the chancellor upon the bills, answer and a stipulation covering the material facts, and a decree entered in accordance with the prayer of the said bills, from which decree this appeal is taken.

The judgment recovered before the justice by the appellant, Sinsabaugh, is not a judgment against appellees, but a judgment against R. G. Dun & Co., a corporation, and the proof shows conclusively that no such corporation exists. Appellees were not made parties defendant in the suit before the justice which resulted in that judgment, and were not served with process, and therefore had no right to appeal therefrom. Rorke v. Goldstein, 86 Ill. 568.

Appellants invoke the rule that equity will not interfere by injunction to prevent a mere trespass except where irreparable injury will result or to prevent a multiplicity of suits. The case presented by the bills and stipulation of facts bring it within the exceptions above noted. The reference books heretofore mentioned as levied upon by virtue of an execution issued upon said judgment are two of several in the hands of different subscribers of appellees in the city of Mattoon. These books are copyrighted, are the property of appellees and are not sold, but are allowed under contract to remain in the possession of subscribers for their individual exclusive use and information.

The reference book No.. 2269, purchased by appellant Sinsabaugh at constable's sale for the sum of $3, was one of a quarterly issue, furnished to the subscriber Holmes for $75 per annum. If appellants were permitted to use the process of the court in an attempt to collect the judgment and costs, at the rate of $3 per volume, appellees would be involved in sixty or more proceedings at law to obtain relief. Considering the character of the information afforded by these reference books and the cost of compiling the same, we are of opinion that the threatened injury to appellees is irreparable—not susceptible of compensation in damages.

It appears from the stipulation of facts that appellee's appearance in the justice's court was limited to the question of the jurisdiction of that court, and that they took no further p irt in the trial there. An appearance thus limited did not give the court general jurisdiction of the persons of the appellees, and authorize it to proceed to a hearing and judgment against them. Nicholes v. People, 165 Ill. 502.

We are not prepared to hold that appellees are exempt from liability for the torts of their agents or servants on the ground that they are acting as executors and trustees in the business of their testator. We think the salutary rule that executors and administrators cannot be held so liable, could not be invoked by appellees in a case where that question properly arose.

The decree will be affirmed.

*Affirmed.*