CAES 20.—ACTION BY BOWMAN AND COCKRELL AGAINST
MARY T. IRELAND AND OTHERS TO REMOVE A
DAM ACROSS A NAVIGABLE STREAM.—October 29.

# Ireland, &c. v. Bowman & Cockrell

Appeal from Rockcastle Circuit Court.

L. F. JOHNSON, Special Judge.

Judgment for plaintiff. Defendant appeals.—Reversed.

1. Trusts — Torts of Trustee — Public Nuisance. — Trustees are
answerable as such for any damage due to the maintenance
of a public nuisance by them.
2. Estoppel — Equitable Estoppel — Silence.—That parties knew
that another was negotiating for property, and knew that a
dam, above which they were operating a mill, was a material
inducement to the purchase, and made no objection to the
maintenance of the dam before he had purchased the property, did not estop them, on thereafter operating another mill
below the dam, to complain that it was an unlawful obstruction of the stream and interfered with the floating of logs.
3. Nuisance — Public Nuisance — Special Damage.— Where logs
are caught and held by a dam until they rot, or the owners,
at special expense and labor, get them over the dam, such
owners sustain a special damage, not common to the public,
for which they may sue, notwithstanding the dam may be a
common nuisance.
4. Nuisance—Private Nuisance—Prescriptive Right to Maintain
Dam.—The right to maintain a dam may be acquired, as
against another private owner, by prescription, notwithstanding the dam may be a public nuisance.
5. Judgment—Conformity to Issues Raised by Pleadings.—Judgment cannot be entered on an issue not made by the pleadings.
6. Navigable Waters—Prescriptive Right to Maintain Dam—
Height.—The right to maintain a dam by prescription extends

only to the height at which it has been maintained for the prescriptive period, and no right to raise it above that height is acquired.

7. Navigable Waters—Prescriptive Right to Maintain Dam.—No right to maintain a dam which materially interferes with the floating of timber can be acquired by the mantenance of a dam which does not constitute such an interference.

8. Navigable Waters—Floating Timber.—A stream may be navigable for the purpose of floating timber, though not navigable for boats.

T. E. MOORE, Jr., JNO. W. BROWN, ELI H. BROWN, J. W. ALCORN and L. A. NUCKOL for appellants.

PROPOSITIONS DISCUSSED AND AUTHORITIES CITED.

1. No cross appeal has been granted in the Court of appeals, and therefore the alleged cross appeal of appellees upon the question of the insufficiency of damages awarded by the lower court should be dismissed. (Civil Code of Practice, 755; Hilton v. Comth., 105 S. W., 956 (Ky.)

2. It appears, from a preponderence of the testimony, that there was no damage to appellees.

3. Plaintiffs (appellees) suffered no special damage, and had no cause of action or right to prosecute the suit. Authorities cited in former brief for appellants upon this proposition.

4. The Acts of 1874 and 1876, relied on by appellees in their brief, being private acts, and not having been pleaded, or relied upon in the court below, are not to be considered in this case, nor do they apply to the dam in question. (Civil Code of Prac. sec. 119, subsecs. 1, 2; Nichols v. Bardwell Lodge, 105 Ky., 168.)

5. The Act of 1906, relied on by appellees in their brief, has no application to the dam in question. (Chapter 77 Gen. Stat. (1881); Anderson v. C. S. Ry., 86 Ky., 44, pp. 46, 51; Ky. Stat., (1903) 2523; Ky. Stat., (1903) 469; Chicago R. R. Co. v. Comlth., 72 S. W., 1119, 24 Ky. Law Rep., 2124; Comlth. v. Mute, 72 S. W., 1090, 24 Ky. Law Rep., 2138; L. & N. R. R. v. Smith, 101 S. W., 317 (Ky.)

6. What statutes of limitation applies in this case. (Hay v. City of Lexington, 71 S. W., 867; Oliver v. I. C. R. R. Co., 74 S. W., 1078; Anderson v. C. S. Ry. Co., 86 Ky., 50; Stickly v. Ohio R. R., 93 Ky., 323.)

7. The granting of the injunction by the lower court was, under the circumstances, inequitable and unwarranted. (Spelling on Injunctions, vol. 1, p. 1, sec. 1; Ib. p. 15, sec. 12, Ib p. 16, sec.

13; Barker v. Warren, 6 Ky. Law Rep., 86; Avery v. Vermont Elec. Light Co., 59 L. R. A., 817; Note on page 883, citing: McChord v. Iker, 12 Ohio, 387; Bassett v. Salisbury Mfg. Co., 47 N. H. 426; Esson v. Wattier, 25 Oregon, 7; Herr v. Cent. Ky. Lunatic Acylum, 22 Ky. Law Rep., 1722; Murphy v. Stanford Water, &c. Co., 20 Ky. Law Rep., 2000.)

T. Z. MORROW and C. C. WILLIAMS for appellees.

AUTHORITIES CITED.

1. The subject of prescription. (Wood on Nuisance, 2 Ed., sec. 30, note 4; Wood on Nuisance, 2 Ed., sec. 31, 81, 790-92.)

2. Venue of the action. (Amer. & Eng. Encyc. of Law, 1 Ed., vol. 4, p. 988.)

3. The dam a nuisance. (Acts February 11, 1876, vol. 1, p. 279; Acts March 21, 1906, vol. 1, p. 428.)

4. Rockcastle river a navigable stream. (Acts 1869-70, vol. 1, page 7.)

5. Prescription cannot be pleaded against a public nuisance. (Wood on Nuisance, sec. 76, 727.)

6. Irreparable injury and right of plaintiff to maintain action. (Wood on Nuisance, 810; Transylvania University v. Lexington, 3 B. Mon., 27; Wood on Nuisance, secs. 416, 699, 810, 16, 680.)

7. What constitutes a navigable stream. (Wood on Nuisance, secs. 456, 457, 464, and 465.))

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Bowman & Cockrell have a steam sawmill on Rockcastle river about a mile below a small mill owned by Mary T. Ireland, etc., who hold it under the will of J. M. Thomas, the former owner, and own land on both sides of the stream. In the year 1888 one Sam Brooks, who then owned this sawmill, built across Rockcastle river a dam, which he maintained until about the year 1894, when he sold out to W. R. Dillion, who raised the dam higher, and afterwards sold the property to Thomas. Thomas operated the mill as long as he lived, and at his death devised it to Mary

T. Ireland and others, who have since operated the
mill and maintained the dam. At the time Thomas
bought the property, Bowman & Cockrell were oper-
ating a mill above this one, and afterwards, being
required to take out a boom which they had main-
tained, they ceased operating that mill, and started
one about a mile below Thomas' mill, which they have
since operated. On July 12, 1906, they brought this
suit against the devisees of Thomas, alleging that
Rockcastle river is a navigable stream; that the dam
obstructs the navigation of the stream, and prevents
them from floating logs down the stream to their mill;
that the stream is navigable for floating logs, and has
for many years been used for this purpose, but that
logs coming down the stream to their mill are caught
by the dam, and detained until they are injured; and
that by reason of this obstruction of the stream they
had been damaged in the sum of $2,000. They prayed
that the defendants be required to remove the dam
from the stream, and for judgment for the damages
sustained. In the first paragraph of their answer,
the defendants set up the will of Thomas, and charged,
among other things, that they held the property, and
operated it, only as trustees under the will. In the
second paragraph of the answer they denied the alle-
gations of the petition. In the third paragraph they
alleged that Thomas and those under whom he
claimed had maintained the dam for over 15 years,
and had acquired by prescription a right to maintain
it, pleading the statute of limitation in bar of the
action. By the fourth paragraph they pleaded that
Bowman & Cockrell knew that Thomas was negotiat-
ing for the purchase of the property, and knew that
the dam was a material inducement to him to make
the purchase, and that with this knowledge they stood

by and made no objection to the existence or maintenance of the dam before he had purchased and paid for the property. These facts they pleaded as an estoppel. The plaintiff filed a demurrer to all of the answer except that which controverted the allegations of the petition. The circuit court sustained the demurrer, and, the case having been prepared on the questions of fact raised by the answer, the circuit court entered a judgment, adjudging that the defendants remove the dam, and that the plaintiffs recover one cent in damages. From this judgment the defendants have appealed, and the plaintiffs have prosecuted a cross-appeal because they were not allowed substantial damages.

1. The court did not err in sustaining the demurrer of the plaintiffs to the first paragraph of the answer. The trustees and devisees were both made defendants to the petition. If the dam was a public nuisance, J. M. Thomas could not by his will confer upon the defendants authority to maintain it, and the trustees are answerable as trustees for any damage which they may have done by the maintenance of the nuisance. They are sued here as trustees. The trustees and devisees simply stand in the shoes of J. M. Thomas. The suit is against them as the representatives of his estate.

2. The court did not err in sustaining the demurrer to so much of the answer as pleaded the estoppel. Bowman & Cockrell were not then operating a mill below the dam. They had at that time no cause of complaint about it, it was not in their way. They were not under the circumstances called upon to hunt up Thomas and make known to him that the dam was an unlawful obstruction in a navigable stream. He knew the facts as well as they did. They were not

called upon then to complain of a dam that was not injuring them in any way, as they were above it, and it in no wise interfered with their floating logs down the river to their mill, which was then located above the dam.

3. The plaintiffs show a right to maintain the action. While the dam in the stream may be a common nuisance if it is an unlawful obstruction of the stream, and a special damage to the plaintiffs, they may sue. If the plaintiffs' logs are caught and held by the dam until they rot, or until the plaintiffs, at special expense and labor, get them over the dam, they have sustained a special damage, not common to the rest of the public. Where property is destroyed or injured by a public nuisance, the owner of the property may have an action for redress. Wood on Nuisances, section 787; 30 Am. & Eng. Cyc. 377.

4. The question of limitation is of more difficulty. It is insisted that prescription does not run in favor of a public nuisance, and that each continuation of the nuisance is a fresh wrong. This was the common-law rule, and it was perhaps based on the maxim that time does not run against the King. But in Kentucky time runs against the Commonwealth. Ky. Stats., 1903, section 2523; Rowan v. Portland, 8 B. Mon. 232; Cornwall v. L. & N. R. R. Co., 87 Ky. 72, 9 Ky. Law Rep. 924, 7 S. W. 553. In Wood on Limitation, sections 180, 181, the rule is thus stated: "The rule in reference to acts amounting to a nuisance is that every continuance is a new nuisance, for which a fresh action will lie, so that, although an action for the damage from the original nuisance may be barred, damages are recoverable for the six years preceding the bringing of the action, provided such a period of time has not elapsed that the person maintaining it

has acquired a presumptive right to do so. Thus, in the case first cited in the last note, in an action brought to recover damages for injuries sustained by reason of the erection of a dam, which set back the water of a stream and overflowed the plaintiff's land, it was held that, while the plaintiff was barred from recovering damages arising from the erection of the dam, he might recover for its continuance." Section 180. "While, as we have stated, each continuance of a nuisance is treated as a new nuisance, and furnishes a new ground of action which affords a good ground of recovery, although the statute may have run upon former injuries from the same nuisance, yet this proposition only holds good when the action is brought before the person erecting or maintaining the nuisance has acquired a prescriptive right to do so, by the lapse of such a period as bars an entry upon lands adversely held by another, that being the period universally adopted in this country for the acquisition of prescriptive rights." Section 181.

The rule thus laid down was followed by this court in Manier v. Meyers, 4 B. Mon. 514, in which the defendant's dam on the stream below the plaintiff's mill caused the water to flow back on the plaintiff's wheel, and the court recognized the rule that a right to maintain a dam may be acquired by prescription as well as by grant. We do not find it necessary to to consider how far the rights of the public in a navigable stream may be affected by prescription in the maintenance of a nuisance. This is an action by one owner of land against another owner. Undoubtedly limitation runs against private persons, and if the defendants have acquired a prescriptive right to maintain their dam as against the plaintiffs, the plaintiffs can not maintain their action. We see no

reason why the plaintiffs in a case like this may not be cut off by the 15-year statute of limitation, simply because the nuisance of which they complain is also a public nuisance. If the defendants have acquired the right to maintain their dam by prescription, as against the plaintiffs, then as to the plaintiffs the dam is not unlawful. The person injured in the case of a public nuisance may lose his right of action or right to complain of the nuisance in precisely the same time that he may lose his right to complain of a private nuisance; for the thing for which the action is brought in either case is the wrong to his rights. We are aware that in other jurisdictions the rule usually is that there is no such thing as a prescriptive right to maintain a public nuisance, and that hence prescription is no defense to a proceeding to abate the nuisance, either by the public authorities or by a private individual. 29 Cyc. 1207; Note, 53 L. R. A. 903; Wood on Nuisances, section 727. But in Kentucky, in land cases where there has been an adverse holding of the soil for the prescriptive period, a different rule has been written, and it is so well settled that we can not depart from it. L. & N. R. R. Co. v. Smith, 125 Ky. 336. 101 S. W. 317, 31 Ky. Law Rep. 1. We, therefore, conclude that the court erred in sustaining the demurrer to the plea of limitation.

It is insisted, however, that it is shown by the proof that the dam, as it was maintained up to the year 1894, did not interfere with the navigation of the river for the purposes for which it was navigable, and that the trouble in this case arises from the fact that since the year 1894 the dam has been raised. It is true that the evidence before us sustains this conclusion, but as a demurrer to the defendant's answer had been sustained, they were not called upon to present their

proof on this issue; and judgment can not be entered now on an issue not made by the pleadings. The defendants would acquire no right by prescription to maintain the dam except at the height at which it was maintained for 15 years continuously, and if the dam within 15 years before the bringing of the action has been raised, the court may require the addition put upon the dam to be taken off, so as to restore it to the height at which it then was; for the defendants by maintaining a dam at a lower height could acquire no prescriptive right to raise the dam above that height. It has been held that, if the dam does not materially interfere with the character of navigation for which the stream is suited, it is not a public nuisance, and a riparian owner has a right to place it in the stream without permission. There is proof in the record that the dam, as originally constructed, did not materially affect the floating of timber down the stream, and the defendants by maintaining such a dam could acquire no right to maintain one which did materially affect the navigation of the stream for the purpose for which it was suited, the floating out of timber. 29 Cyc. 319.

5. Rockcastle river is a navigable stream for the purpose of floating logs and timber to market. A stream may be navigable for such purposes as this, although it is not navigable for boats at ordinary stages of the river.

6. On the return of the case to the circuit court an order will be entered overruling the plaintiff's demurrer to the third paragraph of the answer. The plaintiffs will then be allowed to file a reply, and when the issues are completed, time will be given to either party to take additional proof if desired; and on the question of the damages sustained by the plaintiffs by

reason of the dam, the court will, if either party desires it, order a jury trial. As the case is now presented, it is not proper for us to pass upon the question of the damages to which the plaintiffs are entitled; for on final hearing the proof may be materially different from that now before us.

The judgment of the circuit court is reversed on the appeal and on the cross-appeal. Each party will pay his own cost in this court, the cost of the transcript to be paid one-half by each.