LEONARD BIRDSONG BY NEXT FRIEND, DELLA KENNY, APPELLANT, v. HERBERT V. JONES ET AL., TRUSTEES, RESPONDENTS.

Kansas City Court of Appeals. June 11, 1928.

*Leo B. Parker* and *John Walsh* for appellant.

*Mosman, Rogers & Buzard* for respondent.

BLAND, J.—This appeal is for the purpose of determining the propriety of the action of the lower court in sustaining a demurrer to plaintiff's petition. The petition alleges—

". . . that the last will and testament of William R. Nelson, deceased, which was duly recorded in the probate court of Jackson county, Missouri, at Kansas City, on the 20th day of April, 1915, created a continuing trust estate and provided that said trust estate should be under the control and custody of certain trustees, and provided that all liabilities incurred in the operation and management of said trust estate should be paid by said trustees from said trust estate.

"Plaintiff further states that at the time of the accident and personal injuries herein mentioned, to-wit, on or about the 14th day of May, 1924, Laura Nelson Kirkwood was the sole trustee of said trust estate of William R. Nelson, deceased, and as such was in control of and managing the newspaper plant and business known as 'The Kansas City Star,' at Kansas City, Missouri; that the said Laura Nelson Kirkwood died on the 27th day of February, 1926; that pursuant to the provisions and terms of the above-mentioned last will and testament of William R. Nelson, deceased, defendants Herbert V. Jones, William Volker and J. C. Nichols have been duly appointed and have been duly qualified as trustees of the trust estate of William R. Nelson, deceased, succeeding Laura Nelson Kirkwood, deceased, and as such trustees are now in control and management of the trust estate of the said William R. Nelson, deceased, including the properties and business of the aforesaid, The Kansas City Star, and that the said trust estate created under the said last will and testament of the said William R. Nelson, deceased, is responsible for the payment of all liabilities accruing against or growing out of the management and operation of the business and affairs of The Kansas City Star by the aforesaid trustees.

"Plaintiff further states that the last will and testament of William R. Nelson, deceased, provides that all the liabilities incurred in the operation of said trust estate, including said newspaper plant, shall be paid by the trustees out of the said trust estate of William R. Nelson, deceased.

"Plaintiff further states that on or about the 14th day of May, 1923, plaintiff was employed by the defendants and each of them as a carrier boy in The Kansas City Star plant at 18th street and Grand avenue, in Kansas City, Jackson county, Missouri, and was in the scope of his duties for the defendants and each of them when he was

injured as hereinafter set out through the negligence and carelessness of said defendants and each of them, their agents, servants and vice-principals; that plaintiff in the due course of his employment by the defendants and each of them, their agents, servants and vice-principals, was directed and required to use and operate a certain elevator or lift and while using and operating said elevator or lift as required and directed by the defendants and each of them, their agents, servants and vice-principals, plaintiff's foot was caught between the platform of said elevator or lift and the floor of the building or side wall of said elevator shaft and plaintiff sustained severe and permanent injuries as hereinafter set out.

"Plaintiff further states that the defendants and each of them, their agents, servants and vice-principals, negligently and carelessly failed and omitted to guard, protect and enclose said elevator or lift with a cab, guard, enclosure, or other protection, and negligently and carelessly caused, allowed and permitted same to be unguarded and unprotected as aforesaid."

A number of allegations of negligence on the part of the "defendants," their agents, servants and vice-principals, are alleged, the chief one, we take it, being that "defendants" failed to furnish plaintiff with a reasonably safe place in which to work. Damages are prayed in the sum of $7000. The court sustained the following demurrer filed by defendants—

"Now comes the defendants, Herbert V. Jones, William Volker and J. C. Nichols, trustees of the estate of William R. Nelson, and demur to the plaintiff's first amended petition filed herein for the following reasons, to-wit:

"1. Because said petition does not state facts sufficient to constitute a cause of action against these defendants.

"2. Because there is misjoinder of causes of action in said petition.

"3. Because there is misjoinder of parties defendant in said petition.

"Wherefore, these defendants pray judgment upon this, their demurrer."

According to the abstract, the demurrer was sustained on the ground that—

". . . the appellant's action against the defendants was based upon a purely personal action against a deceased trustee; that suit was not brought until after said trustee's death and that accordingly under the statutes the appellant's cause abated with the death."

We think the court erred in sustaining the demurrer to the petition. The general rule in reference to the liability of trustees for torts committed by them, or their agents or servants employed by them, in the management of property which they hold as trustees, is that they are not liable in their official capacity and the only recourse

of a person injured is against the trustees as individuals. [Taylor v. Davis, Admr., 110 U. S. 330, 334; McCaffery v. Loewenstein, 204 S. W. 938; Louisville Trust Co. v. Morgan (Ky.), 7 A. L. R. 396; Parmenter v. Barstow (R. I.), 63 L. R. A. 227; 39 Cyc. 302.] This general rule, however, is subject to exceptions. It has been held that when trustees are charged with the duty of carrying on a business, the estate may be liable for the negligent acts of their employes. [19 Am. & Eng. Ann. Cases, p. 388; 26 R. C. L. 1319.] In Kellogg v. Church Charity Foundation, 112 N. Y. S. 566, 570, the court said—

"It is true that an action does not lie against a trustee under a will, or the like, as such, for his torts or those of his servants in the affairs or administration of the trust. He has to be sued individually; but the reason is purely technical, and the courts allow the judgment against him individually for damages to be paid out of the trust funds, if he was free from willful misconduct in the tort."

". . . the decision against the trustee, executor or administrator, does not necessarily in all cases imply that he will not be entitled to an allowance on his settlement with the estate on account of the liability he has thus incurred. That aspect of the subject seems to have been rarely presented." [7 A. L. R., p. 408. See, also, Benett v. Wyndham, 45 Eng. Reprint 1183.] It has been held that in cases where such allowance is proper, in order to prevent circuity of action the estate may be held liable directly to the party injured. [See 19 Am. & Eng. Ann. Cases, p. 388.] Of course, that one may have an action against the trustees individually and at the same time against the trustees in their representative capacity is well settled. [Wright v. Railroad, 151 N. C. 529, 536.]

A number of cases cited by respondent hold that the trustee is personally liable upon certain contracts made by him but these cases do not discuss nor involve the question as to whether or not the estate would not also be liable directly to the third party, or that the trustee would not be allowed the amount he paid out on account of his liability in a settlement with the estate.

There is no question but that as between Laura Nelson Kirkwood and plaintiff, she was personally liable under the facts alleged in the petition. These facts show that she failed to keep the premises in a reasonably safe condition. [Everett v. Foley, 132 Ill. App. 438.] It is questionable whether she could have reimbursed herself out of the trust fund if a recovery had been secured against her unless the specific provisions of Mr. Nelson's will pleaded in the petition would allow it. It is admitted that no suit having been brought until after her death, the cause of action against her, personally, expired with that event. However, under the will of William R. Nelson as pleaded in the petition, we think that the trust estate is also liable to plaintiff for his injuries. The petition alleged that the will provides that the trust estate should be under the control and custody of the trustees

and the *liabilities incurred* in the operation and management of the trust estate *should be paid by said trustees from said trust estate.* Further on, the petition alleges that such liabilities include those incurred in the operation of the newspaper plant in question. The allegation that the estate "is responsible for the payment of all liabilities accruing against or growing out of the management and operation of the business and affairs of The Kansas City Star by the aforesaid trustees," standing alone, is perhaps a mere conclusion of the pleader and had nothing else been pleaded concerning the will, would not have been admitted by the demurrer. But the other allegations in reference to the matter plead the will according to its legal effect and therefore it is properly pleaded, and defendants by their general demurrer admitted these facts, well pleaded, to be the provisions of the will. [Reilly v. Cullen, 159 Mo. 322, 328, 329; Anderson v. Gaines, 156 Mo. 664.]

Under these allegations of the petition concerning the provisions of the will of Mr. Nelson, we think that the estate is liable for all liabilities incurred by the trustee or trustees in the operation and management of the estate. By necessary intendment the petition alleges that the will provides that the trustee or trustees shall operate and manage the testator's newspaper plant called "The Kansas City Star," and that all liabilities incurred in the operation and management of said plant "should be paid by said trustees from said trust estate." It is apparent, therefore, that the will provides for liability on the part of the trust estate for the negligence of the trustees in the respects pleaded in the petition. [Miller v. Smythe, 92 Ga. 154; 19 Am. & Eng. Ann. Cases 388; 26 R. C. L., p. 1319; Sinsabaugh v. Dun, 114 Ill. App. 523, 526.] In the case of Miller v. Smythe, supra, the petition alleged that the deed provided "that the trustee had authority under it to buy or sell privately or publicly, and otherwise manage and control the trust estate at his discretion." In disposing of that case the court said—

"There can be no doubt that Mr. Miller, as trustee, had authority to rent the premises to the plaintiff. He therefore legally and rightfully, in his capacity as trustee, assumed the relation of landlord; and this being true, it is, to our minds, a plain proposition, both of law and of justice, that he was bound to perform the duty enjoined by statute upon all landlords, of keeping the premises in repair, and especially so when he expressly understood by agreement with his tenant so to do. It follows necessarily that he is, in his representative capacity, liable to the plaintiff for a violation of this duty and of the contract he made in pursuance thereof. And this is right; because the trust estate obtained the benefit of the contract made by the trustee, and should, as to the tenant, bear whatever burden the law imposes upon landlords. As to the ultimate liability, if any, of the trustee to

the *cestui que trust* for his failure to perform his duty in the respect indicated, we are not now called upon to determine."

The cases relied on by the defendants are not in point. Some of them are cases involving the acts of administrators or executors where the provisions of the will, if any, are not set out or considered. The case of Horn Trunk Co. v. Delano, 162 Mo. App. 402, was an action against the administratrix in which it was alleged that the defendant as administratrix was negligent in failing to keep in repair a large water tank, situated upon two buildings belonging to her deceased. On account of defects in the tank, of which the administratrix had knowledge, the tank burst and water flooded plaintiff's premises. At the time she, as administratrix, was receiving the rent from plaintiff under a lease of the buildings executed by her. It was held that defendant was individually liable for permissive negligence in failing to repair the tank, as she had the right to enter and make the repairs. In that case, so far as the opinion shows, she had no authority except that given her by the law itself. The difference between the status of a trustee under an instrument creating the estate and an ordinary administrator or executor, is pointed out in Wright v. Railroad, supra, 1. c. 531, where it is said that as a rule the liability arising out of a transaction with an administrator or executor is personal in its nature.

"This is on the ground that these officers act under power conferred by the law for the purpose of settlement and distribution according to facts and conditions existent at the time of the death of the deceased; and the power to charge the estate or create liabilities against it is not recognized *unless contained in the will.* Though, even here, if it is shown that an obligation has been assumed by an executor for the protection of the estate, and has inured to its benefit, its payment will usually be allowed him in an account with the distributees." [Italics ours.] [See, also, 26 R. C. L., p. 1279.]

However, it is contended that under the provisions of Mr. Nelson's will as pleaded in the petition, except that part in which it is pleaded that the "trust estate" "is responsible for the payment of all liabilities accruing against or growing out of the management and operation of the business and affairs of The Kansas City Star by the aforesaid trustees," which it is claimed is a mere conclusion of the pleader, the will does not "enlarge upon the legal duty already existing upon the trustee" or trustees. We assume from defendants' argument that their contention is that the trustee or trustees being in control of the management and operation of the property, they would be individually liable for all liabilities incurred by them regardless of the provisions of the will and, therefore, when the will stated that they were to pay all the liabilities incurred in the operation and management of the estate, it merely directed the trustees to do what they were required to do if no such provision was contained in the

will. This might or might not be true, depending upon the circumstances. However, according to the petition these liabilities were directed under the will to be paid "by said trustees *from said trust estate.*" This clearly shows an intention on the part of the testator to make the trust estate liable for such liabilities, and it is unnecessary for us to go into the question as to whether the estate would not have been liable even without the direction of the testator that the liabilities be paid out of the trust estate, the will having provided that the trustees carry on the business of the testator's newspaper. [19 Am. & Eng. Ann. Cases 388; 26 R. C. L. 1319.]

However, it is claimed that plaintiff is bound by the theory which he presents in this court and in this connection it is pointed out that in plaintiff's brief he quotes a clause which purports to be from the will of Mr. Nelson, which clause reads as follows—

" 'Said trustees shall have the management and control of all the property of every kind and nature constituting said trust estate and may continue, conduct and carry on for such length of time as they shall deem proper any business owned or that is being carried on by me at the time of my death; they shall pay all debts, expenses and liabilities incurred by them in the management and control of said trust estate.' "

Ordinarily, we do not take statements in briefs as to what should be shown in the record or as to modify in any particular what actually is shown therein and do not intend to set a precedent in so doing in this instance. However, assuming that the will does not contain any other clause bearing upon the matter in controversy except that quoted in plaintiff's brief, we would not be justified in saying that the testator meant that the trustees should be solely liable for the expenses and liabilities incurred by them in the management and control of the trust estate. It would be quite unusual for one in his will to intend that his trustees, who were directed to conduct and carry on any business that he owned, should be made personally liable for the expenses and liabilities incurred in the management and control of that business for the benefit of the estate where they were not personally negligent in incurring the liability. Ordinarily it would be difficult to obtain reliable trustees to act if the testator should inflict this unusual burden upon them. The will makes no distinction between liabilities incurred where the trustees are guilty of negligence and where the negligence is that of their agent or servant where the trustees themselves are without fault.

If this clause of the will does not on its face show that the testator meant that his estate should be liable for the expenses and liabilities incurred by them, it is at least ambiguous. It is well settled where the language of a will is doubtful or ambiguous, evidence of the testator's surrounding circumstances and the subject-matter of the devise is admissible to show his intention. [40 Cyc., pp. 1392, 1429;

Garth v. Garth, 139 Mo. 456; Clotilde v. Lutz, 157 Mo. 439; Reinders v. Koppleman, 94 Mo. 338.] Therefore, if at the trial of the case the question of the meaning of Mr. Nelson's will becomes an issue, it would be proper, under the allegations of the petition, to show the extent of the estate possessed by the testator at the time the will was made and given to the trustees by the testator. We, of course, cannot take judicial notice of the magnitude of the newspaper plant known as "The Kansas City Star," but it may be that the evidence will show that when the will was executed it was of such size that the testator could not have meant by the use of the language in the clause .of the will appearing in plaintiff's brief that the trustees personally should be liable for the expenses and liabilities incurred by them in the operation of the newspaper. If at the trial that newspaper is shown to have been one of the largest metropolitan newspapers of the country, the provision of the will under discussion should be construed against the contention of defendants.

It is claimed that defendants' demurrer to the petition should have been sustained for another reason; that is, because the petition alleges that plaintiff was injured during the administration of Laura Nelson Kirkwood as trustee of the estate and the petition does not attempt to make the defendants, or the present trustees, liable for the tort committed under the trusteeship of Laura Nelson Kirkwood; that the petition alleges, directly, that these defendants personally or through their agents were guilty of negligence. In other words, the petition does not allege a cause of action imposing upon these defendants as successor trustees a liability of the estate growing out of the negligence of a predecessor trustee. [See 39 Cyc. 313.] The demurrer to the evidence was general and specific but the specific clauses of the demurrer do not go to the point now raised against the petition. So far as the point now raised is concerned, we will treat the demurrer as a general demurrer. When the petition is attacked by general demurrer "all facts that are well pleaded and all the inferences of fact that may be fairly and reasonably drawn from the facts pleaded, must be taken as true." In other words, if the facts essential to recovery are pleaded, however inartificially or defectively, a general demurrer will not lie. [Brewing Co. v. St. Louis, 187 Mo. 367, 381, 382.]

"A petition which defectively states a cause of action is good on general demurrer. [Water Co. v. Aurora, 129 Mo. 546.] It is only where a petition is so wholly wanting in necessary allegations that it fails to state a cause of action (Verdin v. St. Louis, 131 Mo. 36) or where it is impossible to determine from its allegations whether or not the plaintiff has a cause of action, that a demurrer will lie. [Embree v. Patrick, 72 Mo. 173.] And so it has been ruled that indefiniteness and uncertainty in a petition are properly reached by a motion and not a demurrer. [MacAdam v. Scudder, 127 Mo. 345.]" [Ball v. Neosho, 109 Mo. App. 683, 688; see, also, Eads v. Gains, 58

Mo. App. 586; Hirsch v. Grand Lodge, 56 Mo. App. 101; State ex rel. v. Edmundson, 71 Mo. App. 172; Water Co. v. City of Aurora, 129 Mo. 540.]

There is no question but that the petition in the case at bar is very defective in alleging that the personal trustees and their agents were guilty of the acts of negligence that the petition states occurred before they became trustees and while their predecessor, Laura Nelson Kirkwood, was trustee. What the pleader had in mind is difficult to determine, no doubt he thought that as the trust estate was a continuing entity and the present trustees represented that estate, and were liable for the obligations incurred on its behalf, the allegation that defendants as trustees committed the negligent act was tantamount to stating that the estate had been guilty of it and as the estate was liable it was proper to allege the negligence as having been committed by the trustees in charge at the time the suit was commenced; in other words, that the trustee and the estate were the same thing. In this connection the petition alleges that "defendants" were guilty of negligence; that is to say, it does not specifically name them but merely describes them as "defendants." However, whatever may have been in the mind of the pleader, no one can read the petition and come to any other conclusion than that it means to state that the negligence sued for was committed under the administration of Laura Nelson Kirkwood, trustee. It is to be inferred from the facts stated in the petition that the acts of negligence set out were committed by the trustee, Laura Nelson Kirkwood. It would be highly technical to declare this petition so defective that it cannot withstand an attack of a general demurrer, on account of the defect in it. The cause of action is defectively stated but the petition does not state a defective cause of action. [Water Co. v. City of Aurora, supra, l. c. 584.]

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.