THE STATE EX REL. S. L. CANTLEY, Commissioner of Finance, Appellant, v. MEYER TAILORING COMPANY ET AL.—25 S. W. (2d) 98.

Division Two, February 19, 1930.

*Stratton Shartel,* Attorney-General, for the appellant; *F. E. Williams* of counsel.

*Earl M. Pirkey* for respondents.

WALKER, J.—The relator brought this action in the Circuit Court of City of St. Louis to enjoin the Meyer Tailoring Company from transacting in said city the business of issuing and selling contracts by which it obligated itself under the conditions set forth in the statement of facts, to give each holder of one of said contracts a suit of clothes. Certain individuals are joined in the petition as parties respondent who are not necessary to the determination of this action and hence are omitted.

The court, upon the filing of this petition, entered a temporary order enjoining the corporation from continuing to issue said certificates and appointed the relator as Commissioner of Finance of the State of Missouri to recover *pendente lite* the business assets and property of said respondent. The respondent thereupon filed a demurrer to the relator's petition alleging that the same did not state a cause of action. The demurrer was by the court sustained and from the judgment rendered thereon the relator has appealed.

798

The sufficiency of the petition is the determinative question in this case. It is alleged therein that the respondent is engaged in issuing contracts in the nature of certificates which provide for (1) the fulfilling of the contracts therein set forth, from the accumulation of funds arising from the contributions made by the holders of such contracts; (2) the maturing of such contracts in an arbitrarily determined order or manner; (3) and a consideration in personal property greater in value than the amount of such contracts together with the net earnings accrued and accumulated thereon.

That said corporation is transacting the business of issuing and selling said certificates or contracts payable in thirty weeks at the rate of $1.50 each week and is obligating itself at the expiration of said time to give each contract-holder a suit of clothes; but that under said contracts the holders thereof have no rights in the event of their failure to pay the full number of their installments to the return to them or any part thereof of the amounts thus paid and deposited with the corporation by them, contrary to the provisions of Sections 10240 and 10241, Revised Statutes 1919.

That said corporation in issuing to each contract-holder a contract or certificate whereby some of such holders may become entitled to have their contracts fully paid up at a time prior to the payment of the required thirty weekly installments; that at the time of making said contracts none of the parties know what contract holders will become entitled to have his or their contracts fully paid up; that the contract-holders during the lives of their contracts and prior to the selection or allocation of such fully paid contracts, have no knowledge relating to the selection or allotment of such fully paid contracts; that the determination of what contracts shall be declared fully paid is determined by chance, luck, caprice, and fortune; that these selections are sometimes determined by numbers corresponding to numbers occurring in the published weather reports, and at other times by selections made by the officers of said corporation; and that said corporation is thereby maintaining a lottery in violation of the laws of Missouri.

That there are outstanding in excess of 3,000 contracts issued by said corporation in the manner aforesaid, upon which there has been paid more than $10 upon each of said contracts by the subscribers thereto, and that said corporation has obtained and collected in the time and manner set out in the petition a total sum in excess of $30,000, and that said corporation in transacting the business thus described has been carrying on in Missouri the business of a co-operative company within the meaning and purview of Sections 10237 to 10262 of Article X, Chapter 90, Revised Statutes 1919.

That said corporation has failed to make the $25,000 deposit with the State Treasurer as required by Section 10237, Revised Statutes 1919; that it has not filed with the Commissioner of Finance the certificate from the State Treasurer of such deposit; that it has not filed a certified copy of its by-laws nor any statement of its plans for doing business or copies of contracts proposed to be used in the conduct of its business; and that it has not procured from relator or any of his predecessors in office a certificate authorizing it to do business, as required by Section 10238, Revised Statutes 1919.

That said corporation is unable and unwilling to continue in business for the benefit and profit of all of its creditors and contract-holders and certificate-holders, and is refusing to repay sums deposited by said subscribers and contract-holders to which they are entitled under the laws of the State of Missouri, and has been so refusing after demand made therefor for a long period of time.

That said corporation is conducting its business in an unsafe, illegal and unauthorized manner; that it is unsafe and inexpedient for it to continue to transact business; that unless relator be authorized and directed to forthwith take charge of the property and assets of said corporation and be appointed as receiver with full power, authority and direction to administer the affairs thereof, convert said assets into cash, and to hear and determine the claims of contract-holders, certificate-holders, subscribers and creditors in the State of Missouri against the said corporation, and to pay and apportion its moneys and property equitably among its said contract-holders, certificate-holders, subscribers and creditors; and unless said corporation is enjoined and restrained from further prosecution of the business of said corporation as now conducted and in removing its assets from the State of Missouri, the said contract-holders or creditors of said corporation in the State of Missouri will have the investments made by them with said corporation dissipated and will lose the moneys they have invested with said corporation in said contracts and certificates.

That the State of Missouri and the relator have no adequate remedy at law and therefore have recourse to a court of equity for relief in the premises.

In accordance, therefore, with Sections 10244 and 10245, Article X, Chapter 90, Revised Statutes 1919, relator prays for a temporary injunction restraining said corporation from using or disposing of any moneys or property of said corporation and from further prosecuting its business and from withdrawing or attempting to withdraw any of its assets from the State of Missouri; and the appointment of relator as receiver of said company and its property and assets with authority to take charge of said assets, business and prop-

erty, to reduce to possession all assets and choses in action and property, to convert the property into cash, to hear claims and allow or disallow the same, to bring suits in behalf of said corporation and its contract-holders, to compel said corporation to act for, convey and pay over to said receiver any and all moneys of the corporation received by it and to authorize relator to pay out moneys necessary to carry on the receivership and to employ attorneys to represent relator as receiver with the approval of the Attorney-General of the State of Missouri, pursuant to the provision of Section 10245, Article 10, Chapter 90, Revised Statutes 1919.

The relator further prays that upon a final hearing the said temporary injunction be made permanent; that in the meantime a temporary restraining order may issue against said corporation, and for such other and further orders as to the court shall seem meet, just, equitable and proper.

I. The averments of the petition based upon the facts as to the formation and operation of the respondent (the truth of which the demurrer admits, Birdsong v. Jones (Mo. App.), 8 S. W. (2d) 98; Amer. Brewing Co. v. St. Louis, 187 Mo. 367), shows it to be, if it had complied with the law of its creation and its business transaction had not partaken of the character of a lottery, a co-operative company, as that class of organizations are designated and described in Chapter 90, Revised Statutes 1919. As such it is subject to the supervision or regulation of the relator as Commissioner of Finance. [Laws 1921, sec. 4, p. 394.] The right and authority, therefore, of the relator to bring this suit is clearly established under said act in language to this effect: "The Commissioner of Finance shall have power to institute in the name of the State of Missouri, and to defend suits in the courts of this State and of the United States."

The affirmative allegations of the petition are that the respondent has engaged in the issue of more than 3,000 contracts providing for the fulfilling of same from the accumulation of funds, the maturing of contracts in an arbitrarily determined manner and a consideration in personal property greater in value than the amount paid in upon said contracts, together with the net earnings accumulated thereon. These acts and others set forth at more detail in the petition are sufficient to bring the respondent within the regulatory provisions of the Co-operative Companies Act, Section 10237, Revised Statutes 1919. Thus classified the petition alleges that the respondent has failed and refused after demands made therefor for a long period of time to return sums of money or parts thereof paid by contract-holders when such holders failed to pay the

full thirty weekly payments prescribed in the contract in violation of Sections 10240 and 10241, Revised Statutes 1919, of the Co-operative Companies Act.

That the respondent has been unable and is unwilling to continue business for the benefit of its creditors and contract-holders and in refusing for long periods of time to repay anything on forfeited contracts and in failing with the provisions of Section 10244, Article X, Chapter 90, Revised Statutes 1919.

The petition further alleges that the respondent has failed to make the required deposit of $25,000 and a certified copy of its by-laws and a statement of its plans for doing business with the State Treasurer and has failed to procure a certificate to do business in this State as is required by the Co-operative Companies Act, Sections 10238 and 10239, Revised Statutes 1919. Furthermore, the petition alleges that the acts of the respondent in issuing more than 3,000 contracts payable in thirty weekly installments of $1.50 and discounting some of the same according to weather reports or at the will of the respondent constituted the operation of a lottery within the meaning of the law and under the rulings of the courts denouncing this offense. [Art. 14, Sec. X, Const. Mo.; Sec. 3562, R. S. 1919; State v. Emerson, 1 S. W. (2d) 109; State v. Shorts, 32 N. J. L. 398.]

The petition contains other allegations not necessary to be set forth in view of the foregoing, to sustain the conclusion that its averments are ample to show that the respondent has failed to comply with the law authorizing it to do business under the Co-operative Companies Act and that it has violated the law in conducting a business in the nature of a lottery.

The court below should, therefore, have overruled the demurrer. From this it follows that the judgment should be reversed and the cause remanded to be proceeded with in conformity with this opinion. All concur.