State of Missouri to the use of Emma Kitchell, Respondent, v. Henry Anthony, Appellant.

### St. Louis Court of Appeals, April 24, 1888.

Administration—Erroneous Order Touching Balance on Final Settlement—Non-Liability of Sureties.—Upon final settlement by an administrator, an order of the probate court directing him to hold and appropriate the balance remaining in his hands for the maintenance of the intestate's children is erroneous, but not void. The sureties in his bond cannot be held liable for any failure to discharge the trust thus unlawfully imposed on the administrator.

Appeal from the St. Louis Circuit Court, Hon. Daniel Dillon, Judge.

*Reversed and judgment.*

H. A. Haeussler and W. M. Hezel, for the appellant: There was no evidence to sustain the judgment, and the same was against the evidence and the law. The

probate court had full and final jurisdiction in the premises, and the circuit court cannot overrule and set aside judgments in the manner it did in this case. *Camden v. Plain*, 91 Mo. 118 ; *Rowden v. Brown*, 91 Mo. 429.

HENRY BOEMLER, for the respondent : The probate court has a right to make an order on the administrator at the time of final settlement to pay over money to the widow, heirs, legatees, or distributees, of an estate, and if he fails to make such payments, proceedings may be had against him or his securities. 1 Wag. Stat., 1872, p. 112, sec. 10. Until the heirs receive the personal property of a decedent or proceeds of administration the legal title thereto is in the administrator. *Rouggby v. Tiechman*, 10 Mo. App. 257; *Hanenkamp v. Borquiver*, 32 Mo. 569.

THOMPSON, J., delivered the opinion of the court.

This was an action upon an administrator's bond. In the petition on which the cause went to trial, the breach assigned was that the administrator made a final settlement showing a balance of $467.96 in his hands for distribution, which the court ordered him to pay over to the two heirs, one of whom was this plaintiff, and that the administrator failed and refused to comply with the order and converted the money to his own use. At the close of the plaintiff's evidence, the court permitted the plaintiff to amend the petition, so as to charge that, upon the final settlement of the administrator, the probate court made the following order : "Final settlement and discharge. Frederick E. Bayer, administrator of Frederick Bilgushausen, deceased, appears and exhibits his accounts for the final settlement of his administration of said estate, together with proof of the due publication of notice given by him as required by law of his intention to make such settlement; upon examination whereof the court finds a balance against him, in favor of said estate, of four hundred and sixty-seven

dollars and ninety-six cents, which balance the court orders to be retained by him, the said Frederick E. Bayer, and appropriated to the support and maintenance of the two children of said deceased ; and thereupon the court now finally discharges him as administrator." The remaining portion of the petition as amended stood as before, charging—not that the administrator failed to appropriate the fund so left in his hands to the support and maintenance of the two children of the deceased, —but that he converted the same to his own use and benefit, and failed and refused to pay to the plaintiff her share of the same.

The evidence showed that upon the final settlement of the administrator, the probate court made the order above quoted.

The order of the probate court was plainly illegal and erroneous, but it was not void. The judgments and orders of probate courts, in matters touching the administration of estates, are entitled in this state to the same presumptions of verity which are accorded to the judgments and orders of courts of general jurisdiction proceeding according to the course of the common law. *Camden v. Plain*, 91 Mo. 118; *Rowden v. Brown*, 91 Mo. 429. Whether the administrator is liable on his bond for his failure to comply with this order, depends upon two considerations : (1) Whether, after the making of this order, he continued to hold the money in his character of administrator, or whether he thereafter held it in some other trust character. (2) Whether, if he continued to hold it in his character of administrator, the plaintiff has established that he failed or refused to apply the whole, or any part of it, to the support and maintenance of the two children of the deceased.

It is not necessary to consider the second question, because we take the view that this was a final order of distribution, discharging the administrator as such and placing the money in his hands, as a trustee, or as a curator without bond, to be applied toward the support

and maintenance of the children. No other interpretation can be given to the order without ignoring essential portions of its language. It bears the caption, "final settlement *and discharge*." It concludes with the words, "and thereupon the court now finally discharges him as such administrator." The sureties in the bond became bound to answer for the delinquencies of Bayer, in his character of administrator, and not in his subsequent character of trustee, curator, or other custodian of the funds belonging to the minor heirs of the deceased, committed to him by an order of the probate court, whether such order was properly or erroneously made. Their liability was *stricti juris*, and when the court discharged their principal as administrator and made a final order of distribution, they were not concerned with the conduct or liability for the defaults of the trustee. The order of the probate court was certainly improvident, and the children may have been aggrieved and prejudiced by it; but the sureties stood under no obligation of seeing that the probate court made legal and proper orders, or of answering for its mistakes of judgment.

As there can be no recovery upon the petition, the judgment will be reversed and judgment entered in this court for the defendant. It is so ordered. All the judges concur.