MINNIE M. PARMENTER vs. AMOS C. BARSTOW et al.,
Trustees.

PROVIDENCE—OCTOBER 31, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Pleading and Practice. Negligence. Trusts. Liability of Trustee.*

The trustees of an express trust of realty are not liable in their official capacity as trustees for an injury resulting from the negligent acts of their servants in the cutting and chiseling of stone on the sidewalk contiguous to the trust estate, whereby a traveler lawfully upon the sidewalk was injured.

TRESPASS ON THE CASE for negligence. The defendant was impleaded as "Amos C. Barstow, trustee under the last will and testiment of Amos C. Barstow, deceased." The facts are fully stated in the opinion. For previous opinion in this case see *Parmenter* v. *Barstow*, 21 R. I. 410. Heard on demurrer to declaration and demurrer sustained.

TILLINGHAST, J. This is an action of trespass on the case for negligence, and is brought against the defendants in their official capacity as trustees under the last will and testament of Amos C. Barstow, late of the city of Providence, deceased.

The declaration alleges that the defendants, on the 14th day of January, 1895, the date of the happening of the accident hereinafter referred to, and for a long time prior thereto, were the owners of a certain building situated at No. 37 Weybosset street, in said city, and that as such owners it was their duty to keep the same and the sidewalk contiguous thereto in proper repair, so that persons lawfully walking along the same might not be injured in life or limb; that on the day and year aforesaid the plaintiff was passing along said street as a lawful traveler thereon in the exercise of due care; that the defendants, their agents and servants, were then and there engaged in cutting and chiseling stone in a careless and negligent manner, and that by reason of their negligence the

plaintiff was struck in each eye by chips or pieces of stone which were caused to fly in her face by reason of the negligence of the defendants, whereby she was rendered totally blind in her right eye and otherwise injured. Wherefore she sues to recover damages which she lays at $25,000.

To this declaration the defendant Amos C. Barstow, one of the trustees aforenamed, and the only one upon whom the writ was served, demurs, and for reasons of demurrer says:

(1) That in the writ and declaration he is specifically impleaded as trustee under the will of Amos C. Barstow; that in the absence of legislative enactment, an abutting landowner is not liable to travelers for injuries received because of a defect in the street in front of his premises unless such defect is caused by his own act, and that the plaintiff's action therefore rests on the tortious negligence of this defendant; but that for such tort the trust estate is not liable nor the trustee as such; that the trustees of an express trust of realty are not liable in their official capacity as trustees for an injury resulting from their negligence in leaving the premises in a dangerous condition: and (2) that the trust estate lies outside the jurisdiction of a court of law and can only be reached in equity.

(1) We think the demurrer should be sustained. The declaration shows that the legal title to the premises in front of which the accident happened was in the defendants at the time of the happening thereof, and that they were in the possession and control thereof. And while it appears from the declaration that the beneficial interest in the estate belongs to others, yet, as the absolute legal title thereto is vested in the defendants, the law devolves upon them in their personal capacity. all of the ordinary duties and liabilities which are incident to the ownership of real estate. They are not the agents of the beneficiaries, for a trustee is not an agent in the strict sense of the term—*Taylor* v. *Davis*, 110 U. S. 334— and hence the relation of master and servant does not exist; so that the liabilities which trustees incur by their misconduct or negligence are personal liabilities. See *Ballou* v. *Farnum*, 9 Allen, 47. Indeed, even the contracts of trustees are

ordinarily binding upon them personally unless they expressly limit their liability to that which they incur in their official capacity, or unless their liability is thus limited by the instrument creating the trust. *Roger Williams Bank* v. *Groton Mfg. Co.*, 16 R. I. 504.

The law will not allow trust property to be impaired or dissipated through the negligence or improvidence of trustees, nor will it permit them to create any new or additional liabilities against the same. The beneficial interest thereof belongs to the *cestuis*, and it must be held intact for them. See *Deschler* v. *Franklin, Ex'r.*, Chicago Legal News of August 4, 1900.

We will not say that it is not competent for a court of equity to relieve a trustee from loss sustained by him in the management of trust property in a case which might be supposed—see *Williams* v. *Smith, Trustee*, 10 R. I. 280—but that the rule of law is substantially as above stated there can be no doubt.

The case before us is different from those in which it has been permitted to plaintiffs to maintain actions for negligence against receivers in possession of property under orders of the court. For, as said by the court in *Keating* v. *Stevenson*, 21 Appellate Division Supreme Court N. Y. 604, "Such receivers are in no sense the owners of the property and they have not the legal title to it. The property is in the court for its management and administration, and the receiver is an officer of the court, being under its orders and carrying out its directions. The servants whom he is obliged to employ are employed by him solely in his official capacity and by virtue of his official duty, and they do not in any way represent him personally. For that reason it has been held in many cases that, in the absence of any personal neglect of the receiver, he is not liable personally for the neglect of his servants."

Demurrer sustained.

*Franklin P. Owen*, for plaintiff.

*Stephen A. Cooke and Arnold Green*, for defendants.