WILLIAM L. STEVENS, Appellant, v. ELLEN S. STEVENS, Executrix, Respondent.

Kansas City Court of Appeals, June 29, 1908.

ADMINISTRATION: Demand: Conversion: Special Deposit: Receipt. The evidence regarding a demand against an estate tended to show that the plaintiff had deposited with the deceased in his lifetime one thousand dollars in an envelope marked "property of W. L. S.," the plaintiff. The inventory showed one thousand dollars in cash but there was no identification of the money. *Held*, that as long as the money was distinctly marked there was no conversion by the deceased; but when the money lost its identity the only remedy available to plaintiff was in the nature of conversion against the estate. *Held*, further, that a receipt clause in a deed has nothing to do with the merits of this case and that a demurrer to plaintiff's case was improperly given.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

REVERSED AND REMANDED.

*James A. Plotner* for appellant.

(1) The court erred in giving a peremptory instruction on behalf of defendant at the close of plaintiff's case. (2) The deed introduced in evidence does not bar his rights. Sneathen v. Sneathen, 104 Mo. 201; White v. Pollock, 117 Mo. 467; Fischer Leaf Co. v. Whipple, 51 Mo. App. 184; Allen v. DeGroodt, 105 Mo. 449; Williams v. Latham, 113 Mo. 165; Marshall v. Hartzfelt, 98 Mo. App. 178; Bray v. Conrad, 101 Mo. 332; Linville v. Greer, 165 Mo. 380.

*Lathrop, Morrow, Fox & Moore* for respondent.

(1)   The evidence was insufficient to entitle plaintiff to recover.   (2)   The deed was a complete estoppel and bar to plaintiff's claim.   There was a valid delivery to and an acceptance thereof by plaintiff.   This makes it effective and plaintiff must accept its burdens as well as its benefits.   2 Herman on Estoppel, secs. 1028, 1030, 1050, 1049.   (3)   Plaintiff still holds and claims the lands conveyed by the deed.   It would be inequitable to permit him to retain them and still assert this claim, contrary to the plain conditions of the deed. 2 Herman on Estoppel, sec. 1040; Fox v. Windes, 127 Mo. 502; McCune v. Goodwillie, 204 Mo. 306; Cadwallader v. West, 48 Mo. 483.   (4)   The date when the delivery of the deed was effected is not material.   1 Devlin on Deeds, sec. 280.

BROADDUS, P. J.—This suit is against the executrix of the estate of E. A. Stevens, deceased.   The proceeding was commenced in the probate court and plaintiff's statement as to the nature of his claim is as follows:

"To cash had and received by the said E. A. Stevens in his lifetime, for and on account of a special deposit made by the said William L. Stevens with the said E. A. Stevens ......................$1,000."

The plaintiff established by his own evidence that prior to July, 1901, he had in his possession money of his own to the amount of $1,000.   He stated that he kept some of it with O. H. Stevens in his safe and that afterwards he took from that safe, the money, and put it in Miller Stevens' safe, who was also dead at the time of the trial.   He stated that his brother died some time about the 15th or 25th of August, 1902, and that the demand he made of the executrix was some time thereafter in the month of September.   At this time

132 App—40

he received a deed executed by E. A. Stevens and his wife, the executrix, conveying certain lots of ground situated in Kansas City, Missouri. He stated that this deed had been delivered by the deceased to George Stevens as an escrow, who delivered it to him. The deed is dated June 7, 1901, and the consideration is expressed in the following language: "That said parties of the first part, in consideration of the sum of one dollar, love and affection and receipt in full for all labor claims and demands whatsoever, etc." It was acknowledged on the 6th day of August, 1901.

Henry L. Metzger testified that: On May 13, 1902, he went into the office of the deceased to get change for a twenty-dollar bill; that deceased said he had no change, but when witness started to leave said: "Wait a minute, I think I have an envelope with some money for W. L. Stevens; I think it is probable that he has some change in that;" and that he then sent Burns L. Stevens, plaintiff's son, to the safe and had him bring an envelope on which was written: "Property of W. L. Stevens," and that he took the change out of that envelope and put a twenty-dollar bill in it. Witness did not count the money in the envelope but he thinks there were several hundred dollars in it.

Burns L. Stevens testified that he was present on the occasion mentioned by Metzger, and that E. A. Stevens sent him to the safe and said to him, "Get that package of your father's out of the safe." He also testified as Metzger did as to the writing on the envelope, and that he did not know how much money was in the envelope but that there were several hundred dollars in it. The inventory of the deceased's personalty is as follows: "One thousand dollars in cash. One gold watch and chain. Diamond stone spiral, together with one suit of clothes and one overcoat." It was not disclosed where the $1,000 was found, whether in deceased's possession or on deposit in a bank. It was also shown that

plaintiff worked for the deceased five or six years before his death at a low rate of wages. At the conclusion of plaintiff's testimony the jury by the direction of the court returned a verdict for defendant, upon which judgment was rendered and plaintiff appealed.

We conclude from the briefs and argument of counsel on the respective sides of the cause, that the court was induced to direct the verdict by reason of the recitations of the said deed. That the recitations of the deed was intended to include an acquittance of all demand whatsoever the plaintiff might have against the said E. A. Stevens, the deceased. If the demand in question was one of indebtedness it would be necessary for us to determine the controversy in relation to the effect of the recitation in said deed. But we believe it has nothing to do with the merits of the case. The receipt injected into the consideration clause of the deed of "One dollar, love and affection, and a receipt in full for all labor claims and demands whatsoever," was intended to express some obligation in the nature of indebtedness or claim of some kind which the plaintiff might have or might assert against the deceased. The deposit in question inclosed within an envelope upon which was written the words, "Property of W. L. Stevens," was not an indebtedness of any kind and was in no sense a demand against the deceased. It was a gratuitous bailment, without any liability resting upon the bailee except for gross negligence. [Lawson on Bailments, sec. 33.] The deposit under the circumstances did not differ from any ordinary deposit of personal property, as for instance a watch. And it was no less specific personal property as long as it remained in the envelope than it would have been if it had been a watch. And as there was no demand made upon the deceased during his life and a refusal to surrender the deposit there was no conversion. If there was a conversion it was by the executrix. The plaintiff's de-

Paving Co. v. Field.

mand as set out in his statement is a claim for $1,000 on account of a special deposit, made by plaintiff with E. S. Stevens. As the money could not be identified the plaintiff adopted the only remedy available to him which is in the nature of an action for conversion. As there was evidence tending to sustain plaintiff's claim we hold that the court committed error in directing a verdict in favor of the defendant, for which error the cause is reversed and remanded. All concur.