T. L. HORN TRUNK COMPANY, Respondent, v. AUGUSTA N. DELANO, Administratrix, Appellant.

St. Louis Court of Appeals, January 9, 1912.

1. **LANDLORD AND TENANT: Liability of Landlord: Failure to Make Repairs.** A landlord is liable for injuries to property caused by his failure to repair any part of the premises which is reserved by him for the use of all the tenants in his building.

2. **EXECUTORS AND ADMINISTRATORS: Failure to Repair Premises Rented: Individual Liability: Landlord and Tenant.** An administratrix, in accordance with an order of the probate court, made under section 139, Revised Statutes 1909, providing that no administratrix, except one acting under an order of the probate court, shall rent or control real estate of deceased, rented three store buildings which belonged to the intestate, for the payment of his debts. Upon the roof of these buildings there was a water tank, which was for the protection of them all, and was not leased to any particular tenant. *Held* that,

despite section 140, providing that, when any realty of a decedent needs repairs, the court may, on the application of any person interested, order the administrator to make the necessary repairs whenever it can be done without prejudice to creditors, the administratrix, having taken control of the premises and reserved the water tank, was individually liable for her failure to repair the water tank, which she knew was unsafe, even though no order of the probate court had been made to repair it.

3. APPELLATE PRACTICE: Parties: Substitution of Individual for Trust Liability: Executors and Administrators. Where an administratrix was individually liable for her failure to repair the premises of her intestate, which she had leased, and an action was brought against her as administratrix, culminating in a judgment against the estate of her intestate, the error in the judgment cannot be overcome by a mere correction or substitution of parties, for a litigant is entitled to be sued in his own proper person, and not as some one else.

4. PARTIES: Personality of Litigants. While the law is no respecter of persons, it does recognize that a litigant has a right to his personality, and the opposing party has no right to have the consideration of his claim influenced or measured by any other standard, so far as individuality is concerned, than that afforded by the party of whom he complains.

5. EXECUTORS AND ADMINISTRATORS: Action Against Administrator: Pleadings: Construction: Descriptio Personae. Where an action is brought against an administrator, in which he is individually liable, language in the petition referring to him as administrator may be regarded as merely *descriptio personae* or as being used to set forth his relation to the subject matter of the suit.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

REVERSED AND REMANDED.

*Jones, Jones, Hocker & Davis* for appellant.

The defendant was not the legal owner of the premises leased but simply had charge thereof under the order of the probate court. Her powers as administratrix being limited by the order and there being no order directing her to make repairs, she was with-

out authority to do so, and, being without such authority, no legal duty is imposed upon her to make such repairs. Langston v. Canterbury, 173 Mo. 122; Clark v. Bettelheim, 144 Mo. 274. Under the provisions of the lease the defendant is not liable for damage from water and the court erred in refusing defendant's instruction to that effect.

*Lee W. Grant* for respondent.

The reason for the duty of the defendant to keep the tank in repair was because the tank was not exclusively a part of the premises occupied by plaintiff, but belonged half to its premises and half to the adjoining premises occupied by other tenants and was necessary to the enjoyment of both sets of buildings. It is because of this relation that the liability arises. The principle of law upon which plaintiff relied, and which is not controverted in her appeal by the defendant, is well established in the decisions of courts of last resort. McGinley v. Trust Co., 168 Mo. 257; Andrus v. Bradley Alderson Co., 117 Mo. App. 322; Leonard v. Gunther, 47 App. Div. (N. Y.) 194; Lee v. Ingraham, 94 N. Y. Sup. 284; Hoag v. Bank, 75 App. Div. (N. Y.) 306; Levine v. Baldwin, 87 App. Div. (N. Y.) 150; Suggins v. Magill, 62 N. J. App. 411.

STATEMENT.—This is an action to recover from the defendant, as administratrix, money, by way of damages, growing out of the alleged negligence of defendant in failing to keep in repair a large water tank over which, it is alleged, the administratrix had control. The court rendered judgment "that the plaintiff have and recover of the estate of August Nedderhut, deceased, in the hands of Augusta N. Delano, administratrix of said estate, the damages aforesaid as assessed, to-wit, said sum of twenty-five hundred dollars, together with its costs and charges herein ex-

-pended and that a copy of this judgment be certified to the probate court of the city of St. Louis.'' After unsuccessfully moving for a new trial and in arrest the defendant has appealed.

August Nedderhut having died and the defendant Augusta N. Delano having been appointed his administratrix, the probate court having jurisdiction made an order of record requiring her to take possession of and rent the real estate of the deceased for the payment of debts. Pursuant to such order the defend-· ant took possession of three four-story buildings of the deceased on Main street in the city of St. Louis, and leased two of them, 301 and 303 South Main street, to the plaintiff, and the third, 305 South Main street, to another tenant. At the time of such leasings there was a large wooden water tank on the top of said buildings used for furnishing water to the fire extinguisher system and for other purposes in each of said three buildings. Said water tank rested one-half on the building 303 South Main street which was leased to the plaintiff and one-half on the building 305 South Main street which was rented to the other tenant.

The evidence tends to establish that certain defects in the water tank were not repaired by the defendant within a reasonable time after she had knowledge of them and by reason of such defects not being repaired, the tank burst, and its contents, an immense volume of water, deluged plaintiff's demised premises and greatly damaged its goods. The castastrophe occurred while the defendant, as administratrix, still received the rents from the plaintiff under the lease. The record does not disclose that the probate court ever ordered the defendant to make such repairs.

CAULFIELD, J. (after stating the facts).—I. We have no doubt that had the defendant acted herein as an individual owner or landlord she would have

been under an implied obligation to use reasonable diligence to keep the tank in a reasonably safe condition, for this tank was not leased with the respective buildings, but the defendant as lessor reserved it under her control for use in common by all of the tenants. [McGinley v. Alliance Trust Co., 168 Mo. 257, 66 S. W. 153.] But in support of their assignment of error based on the court's refusal to give a demurrer to the evidence, her counsel contend that the defendant, not being the legal owner of the premises leased, but simply having charge thereof under order of the probate court and there being no order directing her to make repairs, she was without authority to do so, and being without such authority no legal duty was imposed upon her to make them. In the opinion of the writer there is much to be said in favor of this contention; but the majority of the court are of the opinion that having gone into the possession and control of the premises under Section 139, Revised Statutes 1909, and having reserved such possession and control as to the tank, thereupon while such order continued she had the exclusive right by virtue of her estate to enter upon such tank and repair the same, and if safety required such repairs to be made it was her duty to make them, even without an order of the probate court, it being the opinion of the majority that section 140 of the Revised Statutes 1909, as construed by our Supreme Court, merely forbids her taking credit in her account for repairs not ordered and does not relieve her from any duty incident to the right to control. In support of this see Donohue v. Kendall, 50 N. Y. Sup. Ct. Rep. 386; Belvins Exrs. v. French, 84 Va. 81; also, McGinley v. Alliance Trust Co., supra. While this last case does not deal with an executor or administrator, it suggests that the duty to repair is incident to the exclusive right of entry and control.

II.  But it appears that the judgment was rendered upon the theory that the estate was liable for the negligence of the administratrix.  The judgment is against the estate.  This was error and must lead to the reversal of the judgment.  Augusta N. Delano, individually, and not the estate was liable for her negligence.  [11 Am. & Eng. Ency. Law (2 Ed.), p. 942; Richardson v. Palmer et al., 24 Mo. App. 480; Donohue v. Kendall, 50 N. Y. Sup. Ct. Rep. 386; Belvins Exrs. v. French, 84 Va. 81.]  Nor are we persuaded that the effect of this error may be overcome by a mere correction of the judgment.  While the law is no respecter of persons, it does recognize that "a litigant has a right to his or her own personality and the opposing party has no right to have the consideration of his claim influenced or measured by any other standard, so far as individuality is concerned, than that afforded by the party of whom he complains. He cannot ask unliquidated damages of a good man who may have injured him and then substitute a bad man at the trial."  [Gore v. Brockman, 138 Mo. App. 231, 119 S. W. 1082; Trent v. Printing Co., 141 Mo. App. 437, 126 S. W. 238.]

While the language of the petition referring to the defendant as administratrix might have been and on retrial may be regarded and treated as merely *descriptio personae* or as being used to set forth defendant's relation to and consequent individual duty respecting the property mentioned therein, we are not satisfied that it was so regarded or treated or that the trial proceeded upon that theory.  The judgment entered, when taken in connection with the pleadings, persuades us that the trial proceeded as if the estate and not the defendant personally was the real defendant, and to now enter judgment against the administratrix individually without a retrial would be to bestow upon the plaintiff the unjust advantage of having

judgment against one person upon a trial against another.

The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.