BOSHEARS *v.* ANDERSON, ADMINISTRATOR.

Opinion delivered October 13, 1919.

1. ADMINISTRATORS—APPLICATION OF MONEY BELONGING TO A THIRD PARTY—NATURE OF LIABILITY.—An administrator who has applied to the use of the estate money or the proceeds of personal property belonging to a third person is liable in his representative capacity, and the injured party may elect whether he will hold the administrator liable personally or in his representative capacity.

2. ADMINISTRATORS—SALE OF PROPERTY BELONGING TO ANOTHER.— B. left three cows with A. for keeping while he was away. Before B.'s return A. died; an administrator was appointed, who procured an order of court for the sale of the cows, the administrator thinking that they had belonged to deceased. The cows were sold and brought a certain sum. B. returned and sued the adminstrator in his representative capacity for the amount the cows brought on sale. *Held*, the money received at the administrator's sale represents the property, and must be paid over to B.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; reversed.

*E. H. Tharp,* for appellant.

The court erred in sustaining the demurrer. The probate court had no exclusive jurisdiction of claims against the estate of deceased persons. 7 Ark. 84; 134

*Id.* 411; 210 S. W. 145. Our circuit courts also have jurisdiction of such claims. 7 Ark. 78; 14 *Id.* 237; 30 *Id.* 756; 90 *Id.* 340; 49 *Id.* 51; 51 *Id.* 361; 210 S. W. 145.

*W. A. Cunningham,* for appellee.

The demurrer was properly sustained. If the complaint is true, there was a cause of action against J. W. Anderson personally, but none against the estate of James Anderson, as he committed no wrong, and there is no allegation that he converted the proceeds of the sale as administrator. 33 Ark. 144.

### STATEMENT OF FACTS.

The appellant filed his complaint in the Lawrence Circuit Court on September 16, 1918, alleging in substance that on or about the 2d day of January, 1917, he lived at Portia, Arkansas, and desired to move to Lepanto, Arkansas; that he had more live stock than he was permitted to ship in the car with his household effects, and that he made arrangements with James Anderson in his lifetime to take care of the stock for him until he could come back and get them; that before he came back for the cattle James Anderson died; that J. W. Anderson had been properly appointed and duly qualified as administrator of the estate of James Anderson, deceased; that as such administrator he had taken possession of the three head of cattle belonging to appellant, inventoried and sold same as the property of James Anderson; that the three head of cattle were reasonably worth the sum of $250; that appellant made demand on said J. W. Anderson as such administrator for the sum of $200, and duly presented his claim properly verified, which was disallowed by the said administrator; that the appellant owed James Anderson the sum of $50 balance on a promissory note, and that said sum should be credited on his claim for $250 against the estate of James Anderson, deceased. Judgment is prayed for against the estate.

The court sustained a demurrer to the complaint, and, appellant declining to plead further, judgment was

rendered in favor of appellee, and the complaint was dismissed. The case is here on appeal.

HART, J., (after stating the facts). (1) It is contended by counsel for appellee that the judgment should be sustained under the authority of *McCustian* v. *Ramey, Admr.*, 33 Ark. 141, where it was held that an executor or administrator receiving money by mistake as assets of his decedent's estate will not be excused from his liability to refund the same on the ground that the money has been applied by him in the course of administration. This case only goes to the extent of holding the administrator liable personally in cases like the one under consideration and does not consider the question of whether or not he might also be liable in his representative capacity. The authorities on this question are divided. 18 Cyc. 883 and 884, and 11 A. & E. Enc. Law (2 ed.), p. 943. But we believe the weight of authority and the more equitable rule is that, if the administrator has applied to the use of the estate, money or the proceeds of personal property belonging to third persons, he is liable in his representative capacity, and that the person injured may elect whether he will hold the administrator liable personally or in his representative capacity.

In the discussion of this question in the case of *De Valengin's Administrators* v. *Duffy*, 14 Pet. Repts. (U. S.), 282, Chief Justice Taney, speaking for the court, in part said:

"The second question is one of more nicety, and the cases are not entirely reconcilable to each other. There are, doubtless, decisions which countenance the doctrine that no action will lie against an executor or administrator, in his representative character, except upon some claim or demand which existed against the testator or intestate in his lifetime; and that if the claim or demand wholly accrued in the lifetime of the executor or administrator, he is liable therefor, only in his personal character. But upon a full consideration of the nature, and of the various decisions on the subject, we are of the opinion that whatever property or money is lawfully re-

covered or received by the executor or administrator, after the death of his testator or intestate in virtue of his representative character, he holds as assets of the estate; and he is liable therefor in such representative character to the party who has a good title thereto. In our judgment, this, upon principle, must be the true doctrine."

We have not copied the reasoning of the court in that case in full, but we think it sound. We think the principal in such a case may sue the administrator in his personal character, or in his representative character at his election. This avoids circuity of action. *Gentry's Administrator* v. *McKehen,* 5 Dana (Ky.), 34; *Clapp* v. *Walters,* 2 Tex. 130; *Brewer* v. *Strong's Executors,* 44 Am. Dec. (Ala.), 514; *Simpson* v. *Snyder,* 54 Iowa, 557; *Gaffney's Estate,* 146 Pa. St. 49; *Clayton* v. *Boyce,* 62 Miss. 390, and *Donaldson* v. *Rust,* 3 Martin's Reports, (La.), 135.

(2) According to the allegations of the complaint, the administrator took possession of the property involved in this suit, believing it to belong to his decedent, and in good faith procured an order of the probate court for its sale and the distribution of the proceeds in due course of administration. Under these circumstances the prices received at the administrator's sale represent the property, and, under the principles of law decided in the cases above cited, ought to be paid over to appellant, less the amount which he admits he owed the estate.

Therefore the judgment must be reversed with directions to the circuit court to overrule the demurrer, and for further proceedings according to law.