ELLA NYE, APPELLANT, v. UNITED STATES FIDELITY & GUARANTY COMPANY, RESPONDENT.*—37 S. W. (2d) 988.

Kansas City Court of Appeals. February 16, 1931.

594

*Walsh & Parker* and *Phillip L. Levi* for appellant.

*Meservey, Michaels, Blackmar, Newkirk & Eager* for respondent.

BLAND, J.—This is an action upon an executor's bond. Plaintiff dismissed as to the defendant J. W. McDaniels, executor of the will of J. S. McDanield, deceased. Thereafter, the remaining defendant, United States Fidelity & Guaranty Company, hereinafter called the defendant, filed a demurrer to the petition which demurrer the court sustained. Relator refused to plead further, her petition was dismissed by the court and she has appealed.

The second amended petition, to which the demurrer was sustained, alleged that the defendant was surety on the bond of the defendant, J. W. McDanield, executor under the will of J. S. McDanield, deceased. The petition pleaded the terms of the bond and alleged that during the lifetime of deceased he was trustee for certain money belonging to the relator with which money, among other things, he purchased two $1,000 bonds; "that the said bonds were kept in the safety deposit box of said J. S. McDanield; that he at all times acknowledged that he merely acted as trustee for the same and held the same for relator; that thereafter, to-wit: on or about the 24th day

of March, 1925, under color of his office, the said J. W. McDanield, took possession of the said two bonds, and has failed to account for the same, although this relator has mony times demanded them of him, the said J. S. McDanield (J. W. McDanield), claiming that the said bonds were the property of the estate although relator furnished said executor substantial proof that the said executor was merely trustee for the same;" that relator was bequeathed the sum of $10,000 by deceased, of which sum only $9,000 had been paid by the executor, J. W. McDanield; that he fraudulently procured a receipt from her for the whole sum of $10,000 on the representation that she had executed a receipt to the deceased for $1,000 in bonds, whereas, this representation was false and resulted in her accepting the $9,000 instead of the full amount of the bequest. The petition prayed for judgment of $3,000 and interest.

The demurrer to the petition was sustained on the ground that several causes of action had been improperly united, that the petition did not state facts sufficient to constitute a cause of action against the defendant and that it was not liable for the alleged torts of the executor, described in relator's petition.

It is contended by defendant that if the second ground of recovery relative to the failure to pay the balance of $1,000 due on the bequest, discloses any cause of action at all, it is against both the defendants, J. W. McDanield in his representative capacity, and plaintiff dismissed as to said McDanield. Defendant insists that the cause of action relative to the keeping of the two bonds can be prosecuted only against the executor in his personal capacity, and that the bond does not cover the personal acts of J. W. McDanield; that the allegations in reference to the matter constituted a statement of fact amounting to a personal tort on his part. As the cause was dismissed as to the executor the effect of the contention is that no cause of action is alleged against the guaranty company under any theory advanced by the petition.

Whatever the law may be in other states the rule in Missouri is that where property, not belonging to the estate, is taken possession of and held in good faith by the administrator or executor, as being property belonging to such estate, a suit in replevin or conversion will lie by the owner of such property against the administrator or the executor in his official capacity. [White v. McFarland, 148 Mo. App. 348; Silsby v. Wickersham, 171 Mo. App. 128, 132; State ex rel. v. American Surety Co., 191 Mo. App. 191; Pryce v. Wilson, 266 S. W. 757.]

It is substantially conceded by the parties hereto that the allegation in the petition relative to the two $1,000 bonds amounts to a statement that said bonds were held by the deceased merely for safekeeping for the relator. We think that there can be doubt but

that where an administrator or an executor finds securities or other personal property in the safe deposit vault or among the effects of the deceased it is his duty to take possession of them for the estate if there is any question that they belong to another than deceased. When an administrator or executor so acts in good faith he should be protected from personal liability and in case the property so taken belongs to another the rightful owner should be permitted to sue the administrator or executor in his official capacity in replevin or conversion where the circumstances show a right to such an action.

That the petition pleads that the executor in the case at bar was guilty of conversion is not denied by either of the parties but is contended by the relator that the executor in his capacity as such is liable for the converson of the bonds, whereas, defendant claims that the executor in his personal capacity, only is liable. It appears from the allegations in the petition that these bonds were placed in a safe deposit box by deceased and, upon his death, they were taken possession of by the executor on the ground that the bonds were the property of the estate. Under the circumstances we think the petition pleads that there was a cause of action, not only against the executor as such, but his bondsman. The bonds were taken by the executor under color of his office and all property "received under color of official authority is covered by the bond." [State ex rel. v. Young, 34 S. W. 444, 445 (N. C.).]

"Where an administrator obtains and converts property belonging to another under the belief that it belongs to the estate of his intestate, he is liable, in his representative as well as in his individual capacity, to the owner, for the value of the property; and, when sued in his representative capacity, the sureties are liable on his official bond, if his liability is established." [Hill v. Escort, 86 S. W. 367, 368.]

See, also, State ex rel. v. Young, supra; Boshears v. Anderson, 215 S. W. 702; Newcomb v. Burbank, 146 Fed. 400; Moran v. Morrill, 80 N. Y. S. 120; Collins v. Denny Clay Co., 41 Wash. 136; Wiseman v. Swain (Tex.), 114 S. W. 147; Clark v. Spence, 111 Tenn. 20; Fidelity & Deposit Co. v. Mortgage Co., 90 S. W. 197; Conger v. Atwood, 28 Ohio State Rep. 134; DeValengin v. Duffy, 14 Peter's Rep. S. Court. 282, 290, 291.

It is the contention of the defendant that the case of State ex rel. Whitlow v. American Surety Co., supra, does not hold "that the estate or the sureties on the bond are liable to the original claimant of the property alleged to have been converted, but that he must account to the estate for it" and that the bond covers only liability for failure to obey the orders and judgments of the probate court respecting the property taken in hand by the executor. The Whit-

low case does not hold the surety therein liable on the ground that the administrator failed to comply with the order of the probate court in reference to turning over to the relator therein the property taken over by the administrator or the value thereof, but because the administrator converted it. It is true that in that case the owner of the property, who brought the suit on account of its conversion by the administrator, filed a claim in the probate court for it but the case was decided on the theory that the administrator had converted the property. It is also true that the court in that case said, l. c. 195:

"Whatever may be the rule in other States it seems that in Missouri the rule is that if an administrator takes property into his hands under color of his office and fails to account for it (to the estate), his surety is bound therefor even if, as a matter of fact, it was not in realty assets of the estate."

The court cites a number of cases holding to the effect that where the administrator takes, under color of his office, rents or proceeds of sales of realty without an order of court giving him authority to take over the realty or authorizing the sale, he is exercising irregularly a power which might have been properly delegated to him by law and while his conduct is wrongful he must account to the estate for what he has taken or received. The statement of the court and the citation of the authorities by it were merely for the purpose of answering the contention made by the surety that the administrator was liable only in his personal capacity for his act in assuming authority over property wrongfully. The court cited the authorities to show that the administrator, in his official capacity, and his bondsmen, were liable, under certain circumstances for the wrongful conduct of the administrator. The court then elaborated upon the matter and extended the doctrine announced in the cases cited by it by saying:

"To hold the surety liable in this case does not extend the liability of a surety beyond the limits set by the above cases nor does it extend the liability beyond the limits contemplated by the parties when the surety obligation was entered into. The property could only be held and claimed by Skinner in his capacity as administrator. There was no foundation for any right in him as an individual whatever. Consequently, it was only through his official standing as administrator that he could assert a right to take possession of it and continue in his assertion of the right to dispose of it. *Under the Missouri rule this renders his surety liable for his conversion thereof.*" [Italics ours.]

In the American Surety case the court allowed a recovery of much in excess of the amount by which the estate was benefited by the sale of the property there in question.

It is quite apparent that plaintiff was not required to file a claim in the probate court for the bonds. [11 R. C. L., pp. 281, 282; White v. McFarland, supra.] The fact that a suit for conversion may be brought under circumstances similar to the one brought in the case at bar is well established. (See cases cited on this point.) We have examined the foreign cases cited by the defendant and find them not in accord with the rule in this State.

It is claimed by the defendants: "The liability of a surety on a bond of a representative does not extend to funds held by the defendant in trust which may come into the hands of the representative." This statement of defendant may or may not be true according to the facts. In 1 Perry on Trusts and Trustees (6 Ed.), p. 569, it is stated:

"In the United States, (a) the heirs or executors will take the trust property, and they must settle the accounts of the testator in relation to the trust. They must also see that the property is protected and preserved, but they are not under any obligation to execute the trust. They may decline the office, and generally the court will appoint new trustees to succeed the original trustees. If the heirs or executors continue to act as trustees, they will be liable for no past breach of trust, but only for breaches that occur under their own management."

See, also, Reyburn v. Mitchell, 106 Mo. 365, 377. The surety on an administrator's or executor's bond is not liable for breaches of a trust in regard to the exercise of powers of the administrator or executor as testamentary trustee. [11 R. C. L., pp. 21, 309. See, also, The State to use v. Anthony, 30 Mo. App. 638, 641.] However, an administrator or executor must account as such for trust property coming into his hands from the deceased. [Elizalde v. Murphy (Cal.), 103 Pac. 904; 11 R. C. L., pp. 281, 282.] We are of the opinion that the allegation in the petition, relative to the conversion of the two bonds in question, states a cause of action against the guaranty company and, consequently, its demurrer to the petition should not have been sustained.

It is claimed by the defendant that the facts stated as to the failure of the executor to pay the balance of $1,000 due on the bequest, states no cause of action, because there is no allegation that there ever came into the hands of the executor sufficient assets to pay the amount claimed to be unpaid upon the legacy; that there is no allegation that there are any assets out of which to pay the balance of the bequest or any allegation of any order of distribution directing the payment of the legacy, or that the executor failed to obey any such order, if any. The allegation in reference to the failure to pay the balance of the bequest may not state a cause of action but this would not justify the court in sustaining a demurrer

to the petition for, as before stated, there are sufficient other facts stated in the petition to constitute a cause of action against the defendant.

Defendant's additional abstract of the record discloses that plaintiff filed a claim for the two bonds in question in the probate court of Jackson county, which claim was denied by that court and on appeal by the circuit court; that the executor, after due publication of notice of the filing of his final settlement, filed such a settlement in the probate court; that relator filed her objection to the settlement in which she specifically claimed the $2,000 in bonds in question and that the executor failed to pay her $1,000 due on the $10,000 bequest; that these objections were overruled by the probate court, the final settlement was approved and the executor discharged; that relator appealed from the order overruling her objection to the final settlement and the judgment discharging the executor and, thereafter, said appeal was dismissed by the circuit court.

It is claimed that, as the circuit court takes judicial notice of its records in passing upon the demurrer to the evidence, the matters shown in the additional abstract of the record were proper matters to be considered by the circuit court. There is nothing in the record to show that the circuit court did consider such matters and if it did its action was improper. Those were matters of defense, if they constituted a defense or defenses, to this cause of action and could not come into the case unless and until pleaded by the defendant. [Kilpatrick v. Robert, 278 Mo. 257.] We have examined the case of Bushman v. Barlow, 15 S. W. (2d) 329, and like cases cited by the defendant and find that they do not sustain its contention.

It is claimed that the relator's abstract of the record is insufficient for the following reasons: :

"1. It does not recite when any suit was brought, or that any petition was ever filed.

"2. It does not state that any first amended petition was filed, or what was done with it.

"3. It does not recite that any second amended petition was ever filed in the circuit court or elsewhere.

"4. It does not show that any demurrer was ever filed in the circuit court of Jackson county, Missouri.

"5. It does not recite who overruled the demurrer, and there is an entire absence of the required record of the alleged proceedings such as is provided by statute and the rules of this court."

The abstract of the record proper upon the title page gives the title of the cause and states that the appeal is from "the circuit court of Jackson county, division No. 6, being assignment division, CLARENCE A. BURNEY, Judge." The abstract of the record proper states: "This appeal is from the judgment of the circuit court of

Jackson county, Missouri, sustaining a demurrer to the second amended petition of the appellant and dismissal of appellant's petition on refusal to plead further. The first petition and first amended petition therefore will be omitted. The second amended petition for damages on the bond of the executor is as follows:" In regard to the demurrer, the abstract of the record proper shows it under the title of the cause and is headed: "In The Circuit Court of Jackson County, State of Missouri, at Kansas City, March Term, 1930." After the demurrer appears the following:

"Upon the issues made in the foregoing pleading, the demurrer was called up for disposition in the circuit court of Jackson county, Missouri and in division 6 thereof, being the assignment division of the circuit court of Jackson county, Missouri, on the 13th day of May, 1930, and was heard and disposed of on that day."

We think that all of the defendant's contentions are fully answered by the holding in the case of State ex rel. v. Trimble, 308 Mo. 278. In that case the court said, l. c. 285:

"It does not matter where the original petition was filed. The abstract shows . . . that the matter under consideration is in the county of Jackson, and in the circuit court of Kansas City."

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.