14052

ROSS v. MOSES *ET AL.*

(179 S. E., 757)

*Mr. L. D. Jennings,* for appellant,

*Messrs. Epps & Epps,* for respondents,

April 26, 1935.

The opinion of the Court was delivered by MR. G. B. GREENE, ACTING ASSOCIATE JUSTICE.

The appellant, Robert Ross, brought this action against the respondents, Perry Moses, Henry H. Shelor, and H. W. Harby, as trustees of a trust fund created by H. J. Harby. The complaint contained two alleged causes of action, separately stated. In the first cause of action it was alleged that respondents rented a house and several acres of land, a part of the trust estate, to appellant for the year 1932; that on October 8, 1932, respondents sent to appellant a letter dictated by them to, and written by a stenographer and typist, the body of said letter being as follows: "Your rent was due on October 1st, and we have heard nothing from you. Unless you can come in and pay this rent now, we hereby notify you that you must not break the corn. We have heard that you are breaking the corn on the back of the place. This must stop until the rent is paid."

It was further alleged that the foregoing letter was libelous, in that it charged appellant with disposing of crops under a lien for rent, a criminal offense under the laws of this state; and that it was written and published by respondents while acting within the scope of their duties as trustees.

The second cause of action contained allegations similar to those of the first, except that it charged respondents with slander instead of libel. The alleged slanderous words were as follows: "That on or about October 13th, 1932, the defendant, H. W. Harby, Trustee, acting for said H. J. Harby Trust Fund, and within the scope of his authority as such Trustee, and for and on behalf of the other Trustees of said Trust Fund, in the presence of Katie Ross and Reese Hood, and within their hearing, charged the plaintiff with disposing of the crops raised on the land rented from the defendants for the year 1932, and not paying the rent as required by law, and at the same time and place, and in the presence of the said Katie Ross and Reese Hood, told the plaintiff

that the defendants were going to indict him for disposing of the crops raised on said land and not paying the rent as required by law."

Respondents demurred to the complaint upon two grounds:

"I. The said complaint fails to state facts sufficient to constitute a cause of action, in that the case is sought to be maintained against the defendants as Trustees of the H. J. Harby Trust Fund, upon two causes of action sounding in tort; whereas, under the law, neither a trust fund nor the *cestuis* thereof can be made liable for such a tort on the part of the trustees as is set forth in the complaint.

"II. As to the first cause of action, there are no allegations showing that the defendants made any slanderous statements concerning the plaintiff; that is to say, there are no allegations of facts showing any slanderous statements, and therefore states no facts sufficient to constitute a cause of action."

The demurrer was heard by Honorable Philip H. Stoll. Circuit Judge, on July 21, 1933, and sustained by him on both grounds. From the order of Judge Stoll sustaining the demurrer, appellant now appeals to this Court upon four exceptions.

The first three exceptions impute error to the Circuit Judge in sustaining the demurrer upon the ground that neither the trust estate nor the beneficiaries thereof could be held liable for the wrongful acts of the trustees as alleged in the complaint. The fourth exception imputes error to the Circuit Judge in sustaining the demurrer to the first cause of action upon the ground that the letter which respondents were charged with writing was not of a libelous or slanderous nature.

The fourth exception was not argued by appellant before this Court, and under the rule is deemed abandoned. Furthermore, the decision of this Court as to the question raised by the first three exceptions en-

tirely disposes of the case, thereby rendering it unnecessary to pass upon the remaining question.

All of the authorities recognize and apply the general rule that a trust estate cannot be subject to legal liability for the torts of the trustee or his agents or servants.

"As a general rule, a trust fund cannot be subjected to legal liability for the torts of the trustee or his agents or employees." *Wright v. Caney River Ry. Co.,* 151 N. C., 529, 66 S. E., 588, 19 Ann. Cas., 384.

"The duties devolving upon a trustee as an owner of property render him personally liable for the torts committed by him or by agents and servants employed by him. The only recourse of the person injured, however, is against the trustees as individuals, it being the rule that they are not liable in their official capacity, and that the Court will not allow the trust fund to be impaired by the negligence of the trustees." 39 Cyc. Trust, 302.

"The duties of a trustee having the legal title to real estate, together with a right of possession as ownership, make him personally liable for torts committed by him or by the agents or servants in his employ." *Schmidt v. Kellner,* 307 Ill., 331, 138 N. E., 604, 606.

"An action does not lie against a trustee for his torts or those of his servants in the administration of the trust, and he must be sued individually; but the Court will allow the judgment against him individually to be paid out of the trust funds, provided he was free from willful misconduct." *Kellogg v. Church Charity Foundation,* 128 App. Div., 214, 112 N. Y. S., 566, 567.

"Generally, trustees are not liable as such for torts in managing trust property; recourse being against them as individuals." *Birdsong v. Jones,* 222 Mo. App., 768, 8 S. W. (2d), 98.

"* * * The general rule is that the trustee is liable in his individual and not in his official capacity, and this,

for the sound reason that the trustee should not be allowed, by his tort or negligence, to impair the trust fund." *Louisville Trust Co. v. Morgan,* 180 Ky., 609, 203 S. W., 555, 557, 7 A. L. R., 396, at page 401.

"The law will not allow trust property to be impaired or dissipated through the negligence or improvidence of trustees, or will it permit them to create any new or additional liabilities against the same. The beneficial interest thereof belongs to the *cestuis,* and it must be held intact for them." *Parmenter v. Barstow,* 22 R. I., 245, 47 A., 365, 63 L. R. A., 227; *Roger Williams Nat. Bank v. Groton Mfg. Co.,* 16 R. I., 504, 17 A., 170.

We might add a long list of other decisions to the same effect, but we do not deem it necessary to do so.

While the general rule is as above stated, there are some well-recognized exceptions. Where a person creates a trust and charges the trustee with certain specific duties, in the carrying out of which it is contemplated that certain results will follow, then the trust estate is liable for said contemplated results. Another exception is where the management of the trust estate is under the direction of the beneficiaries. In such case the tort of the trustee committed while acting under the supervision or control of the beneficiaries may create a charge against the trust estate.

Did the allegations of the complaint in this action bring it within any recognized exception to the general rule above stated? Such must be the case before liability will attach to the trust estate or before the respondents will be liable in their official capacity. Counsel for appellant relies strongly upon the case of *Wright v. Caney River Ry. Co., supra,* and quotes at great length therefrom in his written argument. While the trust estate was held liable in the case mentioned, the statement of facts set out in the opinion shows clearly that the case fell within the exceptions above stated. We quote from the opinion in said case as follows:

"It will thus be seen that, under a lease to him in his capacity as trustee, and under the powers contained in this deed *inter partes,* the defendant C. J. Morrow, in the use and operation of the railroad, was acting throughout with the sanction and for the benefit of the creditors, the *cestuis que* trust, and to a large extent under their supervision and control, and should be held responsible certainly to the extent of the property conveyed and in evidence for both the contracts and torts of their trustee, made and committed within the scope of his powers and in furtherance of their interests. * * *

"But in our case the beneficiaries were parties to the deed. The operation of the road for their benefit was clearly contemplated, its expenses provided for, and they were expressly given the right of interference and control in the main purpose of the trust, to wit, the disposition of the lumber, etc. * * *

"And in the present case, no doubt, the defendant Morrow could have been sued and held liable as an individual, because the intestate was one of his employees; but responsibility also attaches to the trust estate, and will be imputed to the beneficiaries, who are parties to the deed and were allowed and took part in its actual management and control."

In the instant case, the mere statement in the first alleged cause of action, that the wrong complained of was done by respondents "while acting for and on behalf of said trust fund, and while in the discharge of their duty, and within the scope of their authority as trustees of said trust fund," and the mere statement in the second alleged cause of action, that the wrong complained of was done by one of the respondents while "acting for said H. J. Harby trust fund, and within the scope of his authority as such trustee, and for and on behalf of the other trustees of said trust fund," are not sufficient, in our opinion, to bring this case within any recognized exception to the general rule above stated. We are of opinion, therefore, that the Circuit Judge

was correct in holding that the allegations of the complaint were not sufficient to constitute a cause of action against respondents in their official capacity.

The order of Judge Stoll sustaining the demurrer and dismissing the complaint in this action is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL, Circuit Judge, concur.