DIGBY, EXECUTOR *v.* COOK.

4-6030 142 S. W. 2d 228

Opinion delivered July 8, 1940.

 

*Tom F. Digby*, for appellant.

HOLT, J. The complaint in this cause alleged that appellant Digby is the duly designated and acting executor of the estate of J. H. Brooks, deceased, and in that capacity had listed certain property in the City of North Little Rock belonging to the estate of the decedent with the Twin City Bank to be rented. The bank rented the property belonging to the estate of Brooks to Mrs. Fowler, who called upon the bank "to repair and fix a stack of brick on the front porch of said premises." The officers of the bank promised to make the repairs, but failed to do so after being notified that there were small children living on the premises who were liable to be injured if the repairs were not made. Through failure to make the repairs one of the children was injured, and this suit was filed to recover damages to compensate the injury.

Testimony was offered which sustained the allegations of the complaint, and a judgment in the sum of $150 was recovered.

The reversal of this judgment is prayed upon the ground that the executor, as such, is not liable for the damages to compensate which the suit was brought.

It is said that this is a case of first impression in this state; and we recall no decision of this court on the subject; but it is a question which has frequently arisen in other jurisdictions, and the holding in those cases is summarized in Woerner's The American Law of Administration (3rd Ed.), § 344, p. 1148, as follows: "So, while he (the executor or administrator) cannot bind the estate by his negligence in managing the real estate which is lawfully in his charge, he is personally liable to one injured in consequence of such negligence."

■■■■■■■

Among the cases cited in support of the text quoted is that of *T. L. Horn Trunk Co.* v. *Delano,* 162 Mo. App. 402, 142 S. W. 770, which is very similar to the instant case under the facts. There, an administrator negligently failed to repair a water tank on leased premises, which burst through failure to make the repairs. A judgment against the administrator was reversed, it being held that, if liable at all, the administrator was liable individually, and not in his representative capacity, for the consequences of his negligence. A number of cases were cited to support that holding.

In the chapter on Executors and Administrators in 11 R. C. L., § 184, page 172, it is said: "It is a general rule that the estate of a decedent is not liable for the tortious act of an executor or administrator committed in the course of his administration; and no action can be maintained against him in his representative character for a wrongful act committed by him, whereby a personal injury is inflicted upon another." Several cases, in which the subject is annotated and which support the text quoted, are cited in the notes of the annotator.

We conclude, therefore, that the executor was not liable in his representative capacity, and the judgment must, therefore, be reversed, and as the cause appears to have been fully developed it will be dismissed.