**William C. BARNETT, Appellant,**

v.

**Adolph G. SCHUMACHER, Individually and as Executor of the Estate of Anna Bock, Deceased, Respondent.**

**No. 54356.**

Supreme Court of Missouri, Division No. 1.

May 11, 1970.

William C. Barnett, pro se.
Adolph G. Schumacher, pro se.

PER CURIAM.

This is an appeal from an order sustaining a motion to dismiss a petition for $35,000 damages for slander filed by William C. Barnett against Adolph G. Schumacher individually and as Executor of the Estate of Anna Bock, Deceased.

Plaintiff's petition alleged that defendant, acting as executor, stated in the presence of witnesses that a promissory note for $800, presented to defendant as an obligation executed by the deceased, was a forgery and that plaintiff had forged the note. The motion to dismiss alleged that defendant is not charged as an individual; that the action was not filed within the 9-month limitation period then provided for the filing of claims against an estate; that the probate court has exclusive jurisdiction in matters of the estates of decedents; that the petition does not state facts sufficient to constitute a cause of action against defendant either as an individual or as executor; that the claim should have been set forth in another action pending between the parties, and was not filed in good faith but maliciously. The circuit judge sustained the motion generally without specifying the ground upon which he acted, and plaintiff appealed.

■ Defendant has moved to dismiss the appeal on the ground that plaintiff did not serve him with a copy of the transcript in accordance with Civil Rule 82.14(e), V. A.M.R. The complaint is not that defendant failed to receive a copy of the transcript but that it was not timely served. The motion to dismiss is not verified, and it is contested by affidavit, and the unverified motion, countered by an affidavit showing service of a copy of the transcript on time, does not prove itself. On the merits the motion is wholly without substance and is overruled. This 7-page transcript consists of nothing but the petition, motion to dismiss, court order thereon, and notice of appeal. Before he received the transcript defendant was fully apprised of everything it could possibly contain. He had seen the petition. He had prepared the motion. He knew of the court order and the appeal. He had no need for a transcript to prepare his brief as respondent. While the rules should be always followed the failure, if any, to timely comply with this rule could not possibly have prejudiced this respondent in any manner.

Plaintiff makes these points on this appeal: that the court erred in dismissing the petition because it states a cause of action in slander against defendant both individually and in his capacity as executor; and that the circuit court has exclusive jurisdiction in tort cases.

■ The circuit court properly dismissed the petition insofar as it is an effort to expose the estate to liability by joining the executor as a party defendant. It is a general rule that an estate cannot be held liable for a tort committed by an executor, administrator or trustee, even though the tort is committed in the course of the administration of the estate.[1] Thus, a fraudulent misrepresentation as to the quality of a bull, made by an administrator at an administrator's sale, does not bind the estate; the administrator alone is liable. Richardson v. Palmer, 24 Mo.App. 480. Likewise an estate is not liable to a lessee for injuries to property due to negli-

---

1. "The general rule is that an executor or administrator cannot as such commit a tort, but any tort committed by him is committed individually, and renders him as an individual, and not the estate, liable in damages, except where the estate has derived pecuniary advantage from the representative's tortious act; and the rule is the same whether the injury results from intentional wrong or negligence. * * * Property or money actually received by the estate as assets through the representative's tortious conduct may sometimes be reached by the injured person; and an executor is not personally liable for a tort committed as an incident to the carrying out of express instructions in the will." 33 C.J.S. Executors and Administrators § 250. Missouri cases supporting the last above-quoted statement are State ex rel. and to Use of Gnekow v. United States Fidelity & Guaranty Co., 349 Mo. 528, 163 S.W.2d 86; Nye v. United States Fidelity & Guaranty Co., 225 Mo.App. 593, 37 S.W.2d 988; Silsby v. Wickersham, 171 Mo. App. 128, 155 S.W. 1094; White v. McFarland, 148 Mo.App. 338, 128 S.W. 23; Stevens v. Stevens, 132 Mo.App. 624, 112 S.W. 35, and Birdsong v. Jones, 222 Mo. App. 768, 8 S.W.2d 98.

gent failure of the administrator to repair a store building leased by the administrator. The administrator is personally liable, but not the estate. T. L. Horn Trunk Co. v. Delano, 162 Mo.App. 402, 142 S.W. 770. See also 31 Am.Jur.2d Executors and Administrators § 260; Anno.—Estates—Torts of Personal Representatives, 44 A.L.R. 637, 640; Idem, 127 A.L.R. 687, 688. The reason for the rule, well stated in Richardson v. Palmer, supra, is that the office of a personal representative is a naked trust; that he is restricted in the performance of acts connected with or incident to the execution of his trust and cannot create a new obligation so as to bind the estate. In uttering a slander an executor is not doing any act which his office requires or is essential to or a legal incident of his trust. Such an act is voluntary and outside the functions of his office. It could not benefit the estate in a pecuniary way. The executor of an estate is not liable in his official capacity for a slander uttered against an attorney presenting a claim against the estate under any recognized exception to the general rule. See Ross v. Moses, 175 S.C. 355, 179 S.E. 757, upholding the dismissal of a complaint against trustees of a trust estate in which one of the trustees was alleged to have slandered a tenant of the trust.

■ Different considerations apply to the question whether the petition states a cause of action in slander against defendant individually and personally. If a personal representative while administering his trust commits a trespass, or hurts another by fraud or misrepresentation, or by a libel or slander, he is acting outside the scope of his official authority in so doing, and is liable personally and individually to the wronged person. Authorities, supra. In order to obtain a binding judgment against a defendant in his individual capacity, however, he must be sued in his individual capacity. This defendant was so sued. In the caption of the petition de-

fendant was named "individually and as Executor, etc.," and summons was served upon him in both capacities. While the caption is not a part of the petition, Cook v. Wheeler, Mo.App., 218 S.W. 929, it demonstrates that defendant was before the court in his individual capacity. The court had jurisdiction over him personally and as an individual, as well as in his representative capacity. He filed this motion to dismiss in both capacities. It is true that the body of the petition alleges that defendant was at all times the executor of the estate and that in uttering the slander he did so "acting as executor." Since there is no liability in his representative capacity these allegations are held to have constituted surplusage and should be and are disregarded, leaving only the charge that defendant did and performed the act of slander. Implicit in the act of uttering a slander is the fact that the slanderer acted personally and individually. It was not necessary to specially allege that he did so in his individual capacity, because that necessarily follows. "Facts which are necessarily implied need not be alleged." Koewing v. Greene County Building & Loan Ass'n, 327 Mo. 680, 38 S.W.2d 40, 42 [3]. Accordingly, the petition charged defendant with imputing to plaintiff the act of forgery of a promissory note and of presenting a forged note for payment. Forgery of a promissory note is the crime of forgery in the second degree. § 561.-080, RSMo 1959, V.A.M.S. Uttering a forged note is the crime of forgery in the second degree. § 561.090, RSMo 1959, V.A.M.S. It is slanderous per se to charge a person with the crime of forgery. 53 C.J. S. Libel and Slander § 68, p. 114.

The order appealed from is affirmed insofar as the charge against defendant in his representative capacity is concerned, and is reversed insofar as the charge against defendant in his individual capacity is concerned, and the cause is remanded for further proceedings consistent with this opinion.